STATE OF IOWA, Appellee, v. SHERMAN SEE, Appellant.

**INTOXICATING LIQUORS:** Nuisance—Liability of Agent. It is
1 no defense that one engaged in the unlawful sale of intoxicating liquors was acting as agent for another. (Sec. 2382, Code Supp., 1913.)

**CRIMINAL LAW:** Defenses — Entrapment — Intoxicating Liquors.
2 One engaged in the execution of a criminal design of his own conception may not defend a prosecution therefor on the ground that he was entrapped by deception. So held where the officers of the law entrapped defendant in the unlawful sale of intoxicating liquors by buying such liquors of defendant with money furnished by the state.

**CRIMINAL LAW:** Trial—Instructions—Urging Desirability of Ver-
3 dict. Instructions given as a last resort to prevent a disagreement, in substance impressing upon the jury the desirability of reaching an agreement and urging the jury to lay aside all pride of opinion and to give due heed to the arguments of each other and of the majority, et cetera, held unobjectionable in the case at bar.

INTOXICATING LIQUORS: Nuisance—Instructions — Presumption
4 of Illegal Sale as Affecting Burden of Proof. While the State
must establish defendant's guilt of the unlawful sale of intoxi-
cating liquors beyond a reasonable doubt, yet defendant cannot
complain that the jury is also told that the finding of such liquors
in the public place of business of one not authorized to keep and
sell the same raises a rebuttable presumption against defendant
that such liquors were kept for unlawful purposes.

TRIAL: Argument of Counsel—Improper Argument—Curing Error.
5 Objectionable argument, when promptly rebuked and discredited
by the court, with admonition to the jury to wholly disregard the
same, will not constitute reversible error, especially when such
argument was in direct reply to an equally objectionable argument
by the opposing counsel.

TRIAL: Deliberations of Jury—Jury Taking Non-Introduced Ex-
6 hibits—Belated Objection. The objection that the jury on its
retirement had taken with it a certain exhibit, only a part of
which had been received in evidence, made for the first time after
the jury had deliberated for some 40 hours, is not timely.

*Appeal from Appanoose District Court.*—FRANCIS M.
HUNTER, Judge.

THURSDAY, JUNE 29, 1916.

THE defendant was indicted, tried and convicted for
maintaining a liquor nuisance, and appeals.—*Affirmed.*

*Howell, Elgin & Howell,* for appellant.

*George Cosson,* Attorney General, and *John Fletcher,*
Assistant Attorney General, for appellee.

PRESTON, J.—1. The claim of the State is that defend-
ant sold intoxicating liquors to two persons who were acting
as state agents under the so-called State Agents' Act, being
Sections 65-a to 65-d, inclusive, Code Supple-
mental Supplement, 1915. There was also
evidence of a search where bottles of liquor
were seized and later condemned. The
defendant denied that he ever at any time sold liquor to
either of these parties, but claims that on one occasion he did

1. INTOXICATING
LIQUORS: nui-
sance: liability
of agent.

buy liquor of another person as a favor for one of the agents. The defendant claimed that he was not the owner of the place, but was running it for his mother. It is not material whether he was running it or whether he was acting as a clerk or employee for his mother.

· One of the agents, after testifying to the fact that he was working under the directions of the attorney general, testifies, in substance, that he bought one half-pint of whisky from defendant, which defendant put in a pint bottle,—and the liquor was produced, with the private mark of the agent thereon; that he paid defendant 50 cents for it; that defendant got the bottle from under the counter in the lunch room and went back into the kitchen, came back and delivered the bottle in the front room, and then he gave defendant 50 cents for it. He says he did not pay the 50 cents until after defendant had delivered to him the liquor; denies that he told defendant that he was cold or frozen or anything of that kind.

2. CRIMINAL LAW: defenses: entrapment: intoxicating liquors.

The other state agent testifies to a similar transaction, but at another date, and testifies that at still another time he bought a pint of whisky of defendant, and that he saw two or three other people buying intoxicating liquors there at other times.

The contention of defendant is that, even though the jury should find that defendant sold liquor to either of the state agents, it was procured at their instance and request; and because of the fact that they were agents for the State, buying the liquor with money furnished or repaid by the State, the State could claim no liability on the part of the defendant, because the crime of which defendant was charged was committed at the solicitation of and instigated by the State. The statutes referred to are, substantially, that the duty of such state agents is to aid in the capture, detention, arrest and prosecution of persons committing crime or violating the laws of the state. We think there is no merit in this claim, because there is no evidence to show that the agents, at the time in

question, improperly solicited the defendant to commit the acts. The transaction appears to have been the ordinary one of a person calling for a certain article and purchasing it. The purpose was to ascertain whether defendant was violating the law, and the acts of such agents in procuring testimony in this manner are no different from the act of a detective in procuring evidence. The holdings are that it is not a defense to a prosecution for the illegal sale of intoxicating liquors to show that the purchase was made by a detective or hired informer. There is a clear distinction between inducing a person to do an unlawful act for the purpose of prosecuting him, and catching him in the execution of a criminal design of his own conception.

2. After the jury had been out a considerable time, the court called them in and gave an additional instruction, the purpose of which, as defendant contends, was to induce the jury to arrive at a verdict. The instruction

**3. CRIMINAL LAW: trial: instructions: urging desirability of verdict.** is worded substantially the same as like instructions which have been approved in *State v. Richardson*, 137 Iowa 591; *Armstrong v. James & Co.*, 155 Iowa 562; *State v. Jackson*, 156 Iowa 588; *State v. Mulhollen*, 173 Iowa 242. The instruction has been criticized and is objectionable to some members of the court, and, as said in some of the cases, it has been disapproved by the entire court under certain circumstances. But there is nothing appearing in this case to warrant a reversal because of the giving of this instruction.

3. One of the instructions given by the court is complained of, and the thought of appellant is that it cast the burden upon defendant to show that the liquors found under the search warrant and the seizure and the

**4. INTOXICATING LIQUORS: nuisance: instructions: presumption of illegal sale as affecting burden of proof.** liquor sold were not kept for unlawful purposes, and that the burden of proof in a criminal case never shifts to defendant. The court instructed the jury in other instructions that the State must prove the defendant's guilt beyond a

reasonable doubt before a conviction would be justified. The instruction complained of has reference to intoxicating liquors found in defendant's restaurant, a public place, and the sales therein by one not legally authorized to sell or use the same. Under the statute, the finding of such liquor raises a presumption that it is kept for unlawful purposes. Sec. 2427, Code, 1897. The instruction has support in *State v. Cloughly*, 73 Iowa 626; *State v. Wilson*, 152 Iowa 529. In the last named case, the trial court did not instruct that the presumption was rebuttable; that there was no evidence in the record in that case to overcome the presumption. In the instant case, the court did instruct the jury that the presumption was rebuttable. We think the instruction is as favorable to defendant as he is entitled to ask.

4. It is contended by defendant that the county attorney was guilty of such misconduct in the closing argument as to warrant a new trial. The statement complained of is as follows:

5. TRIAL: argument of counsel: improper argument: curing error.

"Mr. Elgin's statement to the jury that if you convict this man you are going to deprive his wife and their children of their support, I say to this jury that during the last twelve months very little of that time has he lived with his wife, and very little time has he supported his children, and even now is under indictment for wife desertion and on bond requiring the support of his wife."

Upon objection's being made to the remarks made by the county attorney, the court said:

"The discussion made by counsel for defendant to the effect that it would deprive his wife and family of support, should they find him guilty, and the reply made thereto by the county attorney just now, are both improper, and this jury should not take either one of these statements into consideration in your deliberation upon the case."

We think the court was right about this, and that the remarks of the county attorney were in response to those by

Mr. Elgin, defendant's attorney, and the admonition by the court to the jury not to consider either of the statements cured the error, if any there was.

5. It is also assigned as error that the court permitted the jury to take with them a certain railway book showing the receipt and delivery of intoxicating liquors, when only a part of the entries in the book had been intro-

**6. Trial: delibera-tions of jury: jury taking non-introduced exhibits: be-lated objection.** duced in evidence. The record shows that the railway agent testified to the keeping of the book under his supervision, and it was a rec-ord kept of liquor received and delivered. The book was marked Exhibit F. The State offered in evi-dence one item, No. 419, showing a delivery to defendant of one box of liquor containing two dozen pints of whisky, and item No. 410, showing the delivery of box of whisky contain-ing one gallon; also No. 138, showing the delivery to him of one box containing one gallon of liquor; also No. 913, for one case of bottled whisky, containing 24 pints. These several items were objected to by the defendant, and the objection overruled. No objection was made to the jury's taking the book to the jury room. The first objection appear-ing in the record was made by defendant after the jury had been deliberating for a period of about 40 hours, having the book in their possession at that time. We think there was no error at this point.

We have noticed all the errors assigned, and discover no reversible error, and the judgment is therefore—*Affirmed*.

Evans, C. J., Deemer and Ladd, JJ., concur.