### SAUCEDO v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. November 23, 1920.)

No. 3511.

1. **Criminal law ⊂⇒37—Sale to government agent held to sustain indictment.**

   That the purchaser of a quart of whisky from defendant was a government agent *held* not to relieve defendant from liability to prosecution, where any sale by him was in violation of law.

2. **Intoxicating liquors ⊂⇒223(6)—Variance in name of purchaser immaterial.**

   Proof that a sale of liquor charged in the indictment as having been made to John F. Burke was made to J. L. Burk *held* not to show a material variance, in view of Rev. St. § 1025 (Comp. St. § 1691).

In Error to the District Court of the United States for the San Antonio Division of the Western District of Texas; Duval West, Judge.

Criminal prosecution by the United States against Guadalupe O. Saucedo. Judgment of conviction, and defendant brings error. Affirmed.

Samuel Belden, of San Antonio, Tex., for plaintiff in error.

Hugh R. Robertson, U. S. Atty., of San Antonio, Tex.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Plaintiff in error was convicted under an indictment charging him with the sale of intoxicating liquors, in violation of the Act of November 21, 1918 (Comp. St. Ann. Supp. 1919, § 3115¹¹/₁₂f), which provides:

"That after June 30, 1919, until the conclusion of the present war, and thereafter until the termination of demobilization, * * * it shall be unlawful to sell for beverage purposes any distilled spirits," etc.

---

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It is assigned as error that the evidence was insufficient to show a sale. An internal revenue agent, suspecting that plaintiff in error was engaged in selling intoxicating liquor, in violation of law, purchased a quart of whisky from him, and received and paid for it. Just afterwards plaintiff in error was arrested. Every element of a sale was present in the transaction. The circumstance that the purchaser was a government agent did not preclude a conviction. Grimm v. United States, 156 U. S. 604, 15 Sup. Ct. 470, 39 L. Ed. 550; State v. Smith, 152 N. C. 798, 67 S. E. 508, and note to case reported in 30 L. R. A. (N. S.) 946.

The indictment alleged that the sale was made to John F. Burke, but the proof was that the sale was made to J. L. Burk. The variance in the surname is not assigned as error, but that in the Christian name and middle initial only. Under practically all the authorities, the middle initial need not be alleged, or proven, if alleged. Therefore the matter stands as if the indictment had alleged a sale to John Burke and the proof had shown it was made to J. Burke. The evidence was silent as to Burke's Christian name. The question of variance almost, if not wholly, disappears. In view of section 1025, Revised Statutes (Comp. St. § 1691), and in the absence of any contention that plaintiff in error was prejudiced or surprised, we are of opinion that the variance, if any, was immaterial.

We have examined the other assignments, and consider them to be without merit.

The judgment is affirmed.