(105 So. 50)

No. 27231.

## STATE v. ABRAHAM.

(June 22, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ☜1111(3) — Per curiam of trial judge held to show he did not take judicial cognizance of intoxicating character of liquor.**

Per curiam of trial judge to bill of exceptions reserved *held* to show that he did not take judicial cognizance of intoxicating character of liquor.

2. **Criminal law ☜1158(1)—Court without jurisdiction, under Constitution, to review evidence to determine its sufficiency to convict.**

In prosecution for selling intoxicating liquors, under the Constitution Supreme Court is without jurisdiction to review the evidence to determine its sufficiency vel non to convict.

3. **Criminal law ☜493—Intoxicating liquors ☜236(13)—Intoxicating character of liquor need not be shown by chemical analysis, but may be established by nonexpert opinion.**

Chemical analysis of liquor for purpose of proving its intoxicating character is not the exclusive method of ascertaining such fact, but it may be established as well by nonexpert opinion of those accustomed to drink liquor and acquainted with various kinds.

4. **Criminal law ☜37—Officers within bounds in sending prisoners to purchase liquor of defendant.**

Officers, in sending prisoners from jail to purchase liquor from defendant, were acting within legal bounds in securing evidence of guilt.

5. **Intoxicating liquors ☜154(1)—Retail merchant's license no defense to selling liquor kept in stock in violation of statute.**

A retail merchant's license is no defense to selling intoxicating liquors kept in stock in violation of the Hood Act.

Appeal from City Court, Alexandria Ward, Parish of Rapides; J. B. Nachman, Judge.

Remo Abraham was convicted of selling intoxicating liquor, and he appeals. Affirmed.

Overton & Hunter, of Alexandria, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and Cleveland Dear, Dist. Atty., of Alexandria (E. R. Schowalter, Asst. Atty. Gen.; of counsel), for the State.

LAND, J. Defendant appeals from a sentence for selling an intoxicating liquor called "Imitation Pear Extract," for beverage purposes.

The only bill of exceptions presented to our consideration is one reserved to the overruling of a motion for a new trial, in which it is claimed by defendant that the evidence was not sufficient to convict him; that pear extract is a nonintoxicating beverage; that there was no analysis or proof that it actually contained the percentage of alcohol set forth in the answer to the bill of particulars; that the court took judicial cognizance of the intoxicating character of the pear extract; that there was no proof that the bottle of pear extract alleged to have been sold was either sold, purchased, or used for beverage purposes; that defendant carried drugs, patent medicines, flavoring extracts, and various liquid compounds in his general merchandise store, all of which he was authorized and licensed to sell; that the witnesses against defendant were "jailbirds"; that the testimony was obtained by the officer furnishing the means and providing the method and bringing about a violation of the law by inducing the defendant to commit a crime, which amounted in fact and in law to the use of a snare and entrapment and a frame-up method, all of which is against public policy.

The per curiam of the trial judge to the bill reserved is as follows:

"The evidence established that two sales were made by defendant. In the first instance, the purchasers were required to drink the said beverage in the rear room of defendant's store, and it was not until the second purchase was made, that the parties were permitted to take said beverage from said defendant's store.

"That testimony likewise established that pear extract is a preparation containing more than

one-half of 1 per cent. alcohol, in fact a high per cent. of alcohol, commonly used as a beverage, and in the present case, sold for beverage purposes.

"The testimony further shows that said concoction would readily produce intoxication, and was fit for beverage purposes.

"The testimony upon which a conviction was based, was that of Deputies Brister and Marler, men of integrity, whose testimony covered the entire transaction.

"The testimony of the two officers mentioned, together with the testimony of two other witnesses introduced by the state, convinced the court that the said sale had been made on the date alleged, and that said extract was sold for beverage purposes.

"The court does not deem it necessary to review all of the facts, nor the testimony of each witness who testified upon the trial of said cause, otherwise than to say that the testimony was of such character, as to convince the court beyond a reasonable doubt, as to the guilt of the defendant."

[1-3] The per curiam of the trial judge shows clearly that he did not take judicial cognizance of the intoxicating character of the liquor. The trial judge has found as a fact that pear extract is an intoxicating liquor, and was sold by the defendant for beverage purposes. We are without jurisdiction under the Constitution to review the evidence in order to determine its sufficiency vel non to convict. A chemical analysis of liquor for the purpose of proving its intoxicating character is not an exclusive method of ascertaining such fact, which may be established as well by the nonexpert opinion of those accustomed to drink liquor and acquainted with the various kinds. State v. Prophet, 157 La. 550, 102 So. 666; Blakemore on Prohibition, 1925 Ed. § 30, p. 141; Heilter v. United States (C. C. A.) 280 F. 703; Lewinsohm v. United States (C. C. A.) 278 F. 421.

[4] The transaction of purchasing the liquor in this case was the ordinary one of a person calling for a certain article and purchasing it. The officers, in sending two prisoners from jail into the place of business of defendant, and in furnishing them with money for the purchase of the liquor, were acting within legal bounds in securing evidence of guilt.

"The holdings are that it is not a defense to a prosecution for an illegal sale of intoxicating liquors to show that the purchase was made by a detective or a hired informer. There is a clear distinction between inducing a person to do an unlawful act for the purpose of prosecuting him, and catching him in the execution of a criminal design of his own conception." Blakemore on Prohibition, 1925 Ed. p. 81; 18 A. L. R. 162 et seq.; Saucedo v. United States (C. C. A.) 268 F. 830; Rose v. United States (C. C. A.) 274 F. 245; State v. See, 177 Iowa, 316, 158 N. W. 667.

[5] It needs no citation of authority to support the legal proposition that a retail merchant's license is not a defense to selling intoxicating liquor kept in a stock of goods in violation of the Hood Act, Act 39 of 1921

Judgment affirmed.