## STATE v. KIRKBRIDE*
### (No. 1226; Dec. 21, 1925; 241 Pac. 709.)

CRIMINAL LAW—SOLICITATION OF SALES—ENTRAPMENT—COURTS.

1. Evidence that nothing was said or done by officers to solicit or induce sale of whiskey by accused, except to make offer such as would be expected from any one proposing to buy, held not to raise issue of entrapment.

2. General language used by courts in describing an entrapment must be construed in light of facts to which it is applied.

*See Headnotes (1) 16 C. J. p. 89 n. 51 (2) 15 C. J. p. 970 n. 30.

APPEAL from District Court, Laramie County; WILLIAM A. RINER, Judge.

Mrs. James Kirkbride was convicted of making an unlawful sale of one pint of whiskey, and she appeals.

*Walter Q. Phelan* for appellant.

The court erred in refusing instructions on an enticement or entrapment; Duff vs. State (Ariz.) 171 Pac. 133; Peterson vs. U. S. 255 Fed. 433; 8 R. C. L. 127-129; 1. Zoline's Fed. C. L. & P. 290; U. S. vs. Jones, 80 Fed. 513; Yick vs. U. S. 240 Fed. 60; U. S. vs. Echols, 253 Fed. 862; U. S. vs. Healy, 202 Fed. 349; Smith vs. State (Tex.) 135 S. W. 154; State vs. McCornish, (Utah) 201 Pac. 637; State vs. Mantis, (Idaho) 187 Pac. 268; People vs. Barkdoll (Calif.) 171 Pac. 440; State vs. Feldman, 129 S. W. 998.

*David J. Howell*, Attorney General and *John C. Pickett* Asst. Attorney General for respondent.

Where sales are made voluntarily, the rule against enticement does not apply. The sales charged here were involuntary sales, hence the authorities cited by appellant are not in point; Rothman vs. U. S. 270 Fed. 31; Rawsey vs. U. S. 268 Fed. 825; Goldstein vs. U. S. 256 Fed. 813; Strother vs. State, (Ala.) 72 So. 566; People vs. Amort,

(Calif.) 212 Pac. 50; Moss vs. State, (Okla.) 111 Pac. 950; and cases cited; there was no question of entrapment raised at the trial; defense was a denial of sales; an instruction on the subject of entrapment would have been improper; Apeers vs. State (Tex.) 190 S. W. 164; People vs. Wright, (Calif.) 138 Pac. 349; People vs. Myrn (Mich.) 190 N. W. 666.

Kimball, Justice.

Mrs. James Kirkbride appeals from a judgment on a verdict finding her guilty of making an unlawful sale of one pint of whiskey.

The specified errors all relate to rulings against defendant on questions relating to an alleged issue of entrapment.

The state's evidence showed that the sale was made by defendant to one of two detectives who were employed by the sheriff of Laramie county to investigate several suspected hotels or rooming houses among which was a hotel conducted by defendant. Both detectives testified that they bought "drinks" of whiskey from the defendant at her hotel before they bought the pint in question. The one who bought the pint testified that he asked defendant for it, paid for it, and she delivered it in his room a few minutes later. There was no evidence of any solicitation or inducement except the ordinary request to buy which apparently was assented to without hesitation or question. On cross-examination the detective testified thus:

"Q. What was your purpose in buying this? A. For evidence.

Q. And you bought it for the sole purpose of bringing a prosecution against this woman? A. Absolutely.

Q. You told her you wanted a bottle? A. Told her I wanted a bottle, sure.

Q. You were the one that suggested to her that she sell you a bottle of whiskey, were you? A. Yes, sir.

Q. And you were the one that suggested to her that she sell you a drink of whiskey? A. Yes, sir.

Q. And you had no other purpose for buying that, except that of bringing a prosecution against her? A. None whatever.''

The evidence further showed that the sheriff paid the witness the money given Mrs. Kirkbride for the whiskey.

This is all the evidence on the question of entrapment. The evidence introduced by the defendant shed no additional light on that question. She, testifying as a witness, denied that she made any sale, but, of course, the fact that she did is settled by the verdict.

Because the evidence showed that the sale was made on the solicitation of agents of the state for the sole purpose of obtaining evidence to support a prosecution, it is contended that the trial court should have directed a verdict of not guilty, or, at least, should have given some one of several offered instructions that would have authorized an acquittal if the jury found that defendant had been entrapped. Adverse rulings on these contentions in the trial court are the assigned errors.

We believe there was no issue of entrapment, and the rulings of the trial judge were right. There was no evidence of anything said or done by the officers to solicit or induce the sale except to make an offer such as would be expected from anyone proposing to buy. The only deception was in concealing their purpose. The decisions in cases involving illegal sales of drugs and liquors are practically unanimous in holding that the defense of entrapment is not available where the only solicitation is an offer to buy. Tripp v. Flannigan, 10 R. I. 128; People v. Murphy, 93 Mich. 41; 52 N. W. 1042; State v. Gibbs, 109 Minn. 247; 123 N. W. 810, 25 L. R. A. (N. S.) 449; Moss v. State, 4 Okla. Sr. 247; 111 Pac. 950; Salt Lake City v. Robinson, 40 Utah 448; 125 Pac. 657; State v. Lee, 177 Ia. 316; 158 N. W. 667; Evanston v. Myers, 172 Ill. 266; 52

N. E. 204; State v. O'Brien, 35 Mont. 482; 90 Pac. 514, 10
Am. Cas. 1006; State v. Seidler, (Mo. App.) 267 S. W. 424;
Clark v. State (Ind.) 145 N. E. 566; State v. Abraham,
158 La. 1021, 105 So. 50; State v. Smith, 152 N. C. 798; 67
S. E. 508; 30 L. R. A. (N. S.) 946; Hyde v. State, 131 Tenn.
208; 174 S. W. 1127; Whittington v. State, 160 Ark. 257;
254 S. W. 542; State v. Barkdoll, 36 Calif. App. 25; 171
Pac. 440; Simmons v. People, 70 Colo. 262, 199 Pac. 416.

Federal courts have frequently refused to sustain con-
victions where the defendant has been the victim of en-
trapment. Defendant relies on several of these cases, in-
cluding Peterson v. U. S., 255 Fed. 433; 166 C. C. A. 509;
Yick v. U. S., 240 Fed. 60; 153 C. C. A. 96; U. S. v. Healy,
202 Fed. 349; Butts v. U. S., 273 Fed. 35, 18 A. L. R. 143.
These and other cases cited in the brief are easily distin-
guishable from the case at bar, though language can be
found in them that would seem to support the defendant's
contentions. General language used in describing an en-
trapment must be construed in the light of the facts to
which it is applied. Zucker v. U. S., 288 Fed. 12, 16.
Other federal cases show that the defense of entrapment
is not available in a prosecution for making an illegal sale
where there has been nothing more of solicitation than an
offer to buy from a person suspected of violations of the
law. Lucadamo v. U. S., 280 Fed. 653; Zucker v. U. S.,
288 Fed. 12; Jordan v. U. S., 2 F. (2d) 598; Smith v. U.
S., 284 Fed. 673; Rossi v. U. S., 293 Fed. 896; De Long v.
U. S., 4 F. (2d) 244.

The defendant quotes at length from State v. Cornish,
59 Utah 58, 201 Pac. 637, a pandering case. The opinion
in that case does not purport to set out the facts which led
the court to believe that the defendant was induced to
commit the crime by the importunities and encouragement
of the officer. It is clear, however, that there must have
been much more than a mere offer to patronize the de-
fendant in an unlawful business. The case of Salt Lake

City, v. Robinson, 40 Utah 448, 125 Pac. 657, cited above, was not overruled, but followed. The Robinson case is better authority in the case at bar.

The judgment of the district court will be affirmed.

*Affirmed.*

POTTER, Ch. J., and BLUME, J., concur.