164 So. 166

**STATE v. HART.**

No. 33524.

Nov. 4, 1935.

John T. Campbell, of Minden, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., Robert F. Kennon, Dist. Atty., of Minden, and Lessley P. Gardiner, Sp. Asst. Atty. Gen., for the State.

HIGGINS, Justice.

The defendant was charged in an information with petty larceny of property worth in the sum of $58.40. He pleaded not guilty and elected to be tried before the district judge, who found him guilty of larceny of property of the value of $35.

He filed a motion for a new trial on the following grounds: (1) That the judgment of the court in finding him guilty was contrary to the law and evidence, because the testimony showed that he was so intoxicated as to be completely deprived of the use of his faculties; and (2) that he had discovered four new witnesses, who would testify that he was so drunk that he was unable to appreciate what he was doing at the time of the alleged theft.

The motion for a new trial was heard and overruled, bills of exceptions were properly reserved, and the accused was sentenced to serve six months in the parish jail. He appealed.

It is well settled that a motion for a new trial on the ground that the verdict is contrary to the law and evidence does not present anything which this court can review. State v. Sanderson, 169 La. 55, 124 So. 143; Article 516 of the Code of Criminal Procedure; Constitution of Louisiana of 1921, Art. 7, § 10.

With reference to the second exception predicated on the grounds of newly discovered evidence, the trial judge states in his per curiam that he was convinced that the accused was not so intoxicated or drunk as to be incapable of forming the intent to commit the crime, and that the testimony of the newly discovered witnesses was merely cumulative.

There are numerous authorities that a new trial will not be granted where the alleged newly discovered evidence is merely cumulative. This is particularly true where the judge tries the case and the rule for a new trial. State v. Jones, 163 La. 51, 111

So. 492; State v. Russell, 161 La. 167, 108 So. 324; State v. Foss, 158 La. 471, 104 So. 211; State v. Carlander, 158 La. 244, 103 So. 755; State v. Gardner, 157 La. 116, 102 So. 89; State v. Folden, 135 La. 791, 66 So. 223.

For the reasons assigned, the judgment and sentence of the district court are affirmed.

O'NIELL, C. J., does not subscribe to the proposition that if newly discovered evidence is cumulative, its discovery will not justify the granting of a new trial.