98' So.2d 225

STATE of Louisiana

v.

Mrs. Sam M. EMERSON.

No. 43496.

Nov. 12, 1957.

1. The court recessed during July and August.

Campbell & Campbell, Minden, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Louis H. Padgett, Jr., Dist. Atty., Bossier City, John B. Benton, Jr., Asst. Dist. Atty., Minden, Roy M. Fish, City Atty., Springhill, for plaintiff-appellee.

HAWTHORNE, J.

The defendant in this case, Mrs. Sam M. Emerson, was charged in the City Court of Springhill, Webster Parish, Louisiana, with selling beer to minors under the age of 18 years, in violation of R.S. 26:285(1). She was convicted as charged, and sentenced to pay a fine of $350 and to serve 30 days in jail.

Bills of Exception Nos. 1 and 2 were taken to the overruling, respectively, of appellant's motion for a new trial and motion in arrest of judgment.

The motion for a new trial alleges only that the verdict is contrary to the law and the evidence. It is well settled that a motion for a new trial on that ground presents nothing for an appellate court to review. State v. Posey, 157 La. 55, 101 So. 869; State v. Harvey, 159 La. 674, 106 So. 28; State v. Hart, 183 La. 443, 164 So. 166; State v. Digilormo, 200 La. 895, 9 So.2d 221.

The motion in arrest of judgment sets forth merely that the affidavit alleges no offense against the accused under the laws of the State of Louisiana. We agree with the trial judge that the affidavit is sufficient. It charges the offense in the language of the statute and also sets out all facts and circumstances surrounding the alleged offense. It fully informs the court of the offense charged for the proper regulation of evidence sought to be introduced, it fully informs the accused of the nature and cause of the accusation against her, and it is sufficient to support a plea of former jeopardy. State v.

Scheuering, 226 La. 660, 76 So.2d 921, and authorities there cited.

In brief and in argument in this court appellant does not contend that the averments of the affidavit are insufficient to charge an offense, but argues that the statute under which the offense is charged, R.S. 26:285(1),[1] is unconstitutional in that it discriminates against licensees in favor of non-licensees.

■ ' The motion in arrest does not state any ground of unconstitutionality or point out in what respect the statute is unconstitutional, and, indeed, does not even allege that the statute is unconstitutional. Under these circumstances the question of constitutionality is not before us, and we are not required to pass upon it. State v. Rosborough, 152 La. 945, 94 So. 858; State v. Ellington, 153 La. 676, 96 So. 529; State v. Hudson, 162 La. 543, 110 So. 749; City of New Orleans v. Plotkin, 205 La. 490, 17 So.2d 719; see State v. Herring, 211 La. 1083, 31 So.2d 218.

■■ We might add, however, that we do not think there is any merit in appellant's argument that the act is discriminatory, for the statute applies to all persons in the same circumstances and conditions, that is, to all holders of retail dealers'

permits. See State v. Saia, 212 La. 868, 33 So.2d 665, and authorities there cited. Moreover, we might also observe that under the law of Louisiana it is a crime for any person to sell beer who is not the holder of a permit or license. See R.S. 26:274.

■ Bill of Exception No. 3 discloses that the marshal of Ward II of Webster Parish secured the services of two minors under 18 to go to appellant's place of business and make an effort to buy beer; that both of these minors had the appearance of being over 18 because of their height and weight, which are specifically set forth; that both shaved regularly; that the accused asked one of these minors his age, and he replied that he was "old enough to sleep by himself"; that the accused sold one of these boys the beer, for which he paid with money furnished by the marshal; that after buying the beer the boys left appellant's premises and delivered the beer to the marshal.

Appellant contends that the conviction and sentence should be set aside because the facts and circumstances above alleged constitute entrapment.

Under the jurisprudence of this state the evidence obtained in the manner set out above was clearly admissible on the trial

---

1. This statute reads:
"No person holding a retail dealer's permit and no servant, agent, or employee of the permittee shall do any of the following acts upon the licensed premises:

"(1) Sell or serve beverages of low alcoholic content to any person under the age of eighteen years. * * * "

of appellant. It was said in State v. Rainey, 184 La. 547, 166 So. 670, 671:

"We have read the testimony of the state witnesses which is attached to and made a part of the judge's per curiam to the defendant's bill of exception, and we fail to find in it a suggestion that any inducement was offered the accused, by any one, to commit the crime for which he was prosecuted and convicted. A narcotic addict was used by the witnesses to make the purchase, and by this means evidence of the guilt of the accused was obtained. This may be the setting of a trap to catch the unwary, but, under the jurisprudence of Louisiana, evidence thus obtained is admissible on the trial of the case. In State v. Numa Dudoussat, 47 La.Ann. 977, 17 So. 685, this court held, quoting from the syllabus, the following:

" 'It is legitimate and proper to adopt devices or traps to detect crime, provided the device is not a temptation and solicitation to commit it.' "

In State v. Abraham, 158 La. 1021, 105 So. 50, 51, the defendant was convicted of the crime of selling intoxicating liquor on evidence which he claimed was inadmissible because it was secured by entrapment. In the course of the opinion in that case this court stated:

"The transaction of purchasing the liquor in this case was the ordinary one of a person calling for a certain article and purchasing it. The officers, in sending two prisoners from jail into the place of business of defendant, and in furnishing them with money for the purchase of the liquor, were acting within legal bounds in securing evidence of guilt.

" 'The holdings are that it is not a defense to a prosecution for an illegal sale of intoxicating liquors to show that the purchase was made by a detective or a hired informer. There is a clear distinction between inducing a person to do an unlawful act for the purpose of prosecuting him, and catching him in the execution of a criminal design of his own conception.' Blakemore on Prohibition, 1925 Ed. p. 81; 18 A.L.R. 162 et seq.; Saucedo v. United States, 5 Cir., 268 F. 830; Rose v. United States, 6 Cir., 274 F. 245; State v. See, 177 Iowa 316, 158 N.W. 667."

In the instant case the facts disclosed by the bill of exception fail to show or even suggest that any inducement to commit the crime was offered to the accused by any person, and consequently we do not think there is any merit in this bill.

For the reasons assigned the conviction and sentence are affirmed.