PER CURIAM.
 

 Defendant, Hazel Kelly, was charged with the violation of Ordinance No. 188 of Lincoln Parish (engaging in the business of selling liquor containing more than one-half of one percent of alcohol by volume). From a conviction and a sentence of $350 plus costs and four months in jail, and in default of paying the costs and fine to serve an additional two months in jail, the defendant appeals. Three bills of exceptions were perfected.
 

 Bill of Exceptions No. 1 was reserved to the trial judge’s ruling allowing the State’s sole witness, Officer Graham Gardner, to testify as to what he heard and saw at the defendant’s home on March 3, 1972. It is contended that statements elicited from the defendant and the defendant’s conduct
 
 *550
 
 were prompted by the request of the officer and therefore constituted entrapment.
 

 In his per curiam to the bill, the trial judge noted that Officer Gardner was employed by the Monroe Police Department and was merely on loan to the Ruston Police Department. He noted that Gardner did not make an arrest or carry out any duties of a police officer. He thought that neither Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, nor Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, would require Gardner to warn the defendant of her constitutional rights prior to the commission of the crime.
 

 We do not find that the defendant was entrapped by the actions of Officer Gardner. To constitute entrapment, the accused must be induced by the officer to commit the crime. As this court said in State v. Abraham, 158 La. 1021, 1023-1024, 105 So. 50, 51:
 

 “The transaction of purchasing the liquor in this case was the ordinary one of a person calling for a certain article and purchasing it. The officers, in sending two prisoners from jail into the place of business of defendant, and in furnishing them with money for the purchase of the liquor, were acting within legal bounds in' securing evidence of guilt.
 

 ‘The holdings are that it is not a defense to a prosecution for an illegal sale of intoxicating liquors to show that the purchase was made by a detective or a hired informer. There is a clear distinction between inducing a person to do an unlawful act for the purpose of prosecuting him, and catching him in the execution of a criminal design of his own conception.’ Blakemore on Prohibition, 1925 Ed. p. 81; 18 A.L.R. 162 et seq.; Saucedo v. U. S., 5 Cir, 268 F. 830; Rose v. U. S. 6 Cir, 274 F. 245; State v. See, 177 Iowa, 316, 158 N.W. 667.”
 

 Our holding in
 
 Abraham
 
 was reaffirmed in State v. Emerson, 233 La. 885, 98 So.2d 225, and State v. Turner, 241 La. 94, 127 So.2d 512. Moreover, entrapment exists when the officer instigates the crime; that is, the officer must plan and conceive the-crime and the defendant must have perpetrated it only because of the trickery, persuasion or fraud of the officer. The fact that the officer afforded the opportunities for the commission of the crime does not defeat the prosecution. United States v. Caracci, 446 F.2d 173 (5th Cir. 1971); Borne v. United States, 332 F.2d 565 (5th Cir. 1964); Kott v. United States, 163 F.2d 984 (5th Cir. 1947). Thus it is a question of fact for the trier of facts to determine whether the accused had the necessary intent or persuasion before the suggestion by the officer to commit the crime. United States v. Caracci, supra; Badon v. United States, 269 F.2d 75 (5th Cir. 1959).
 

 
 *552
 
 Under the facts presented in the case before us, we cannot say that the trial judge as the trier of facts abused his discretion in finding that the defendant had the necessary intent to commit the crime before Officer Gardner suggested same.
 
 [1]
 
 The statements of the defendant to Officer Gardner and her actions before him were admissible. The defendant need not have been given Miranda warnings; she was not in the process of confessing to the crime but rather in the process of committing the crime. Accordingly, we find Bill of Exceptions No. 1 to be without merit.
 

 Although defendant has apparently abandoned Bill of Exceptions No. 2 by her failure to argue it in brief, we have nevertheless considered it and found it to be without merit. This second bill was reserved when the trial judge admitted into evidence a half-bottle of liquor bearing an “Old Charter” label. The defendant contended that the evidence was inadmissible (1) because it was the “fruit of the poisonous tree” of entrapment and (2) because there was no evidence that the bottle in fact contained an alcoholic beverage with a greater than one-half of one percent alcohol content.
 

 The first part of the defendant’s contention must fail because we have found that she was not entrapped by Officer Gardner. Her second contention is that the half-pint bottle of “Old Charter” liquor should not have been admitted into evidence because there was no proof that the bottle in fact contained an alcoholic beverage with a greater than one-half of one percent alcohol content. From our examination of the record before us, we cannot say the bottle did not in fact contain an alcoholic beverage in excess of the legal maximum alcoholic content prescribed by Ordinance No. 188.
 

 In his Per Curiam to this bill, the trial judge stated:
 

 “Gardner testified that the alcoholic content of the beverage purchased from the accused exceeded
 
 i/2
 
 of 1%. As pointed out in case of State v. Abraham, [158 La. 1021], 105 So. 50 (Sp.Ct.1925), ‘a chemical analysis of liquor for the purpose of proving its intoxicating character is not an exclusive method of ascertaining such fact which may be established as well by the nonexpert opinion of those accustomed to drink liquor and acquainted with various kinds.’ ”
 

 Bill of Exceptions No. 3 was reserved when the trial judge refused to grant the defendant a directed verdict be
 
 *554
 
 cause the evidence introduced against her did not establish a prima facie case of guilt. (A motion for a directed verdict is a valid procedural device in a non-jury-case. State v. Gatlin, 241 La. 321, 337, 129 So.2d 4 (1961)). However, the record before us does reflect, even though it is incomplete, that there was some evidence of the defendant’s guilt. Accordingly, we cannot say that the trial judge erred in denying the motion for a directed verdict. Bill of Exceptions No. 3 is without merit.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 [1]
 

 . Technically, the question of entrapment
 
 as a question of law
 
 has not been properly preserved by this defendant for the purposes of this appeal. To be properly preserved, the defendant would have to have raised it iu a bill of exceptions reserved when the trial judge refused to charge himself with the defendant’s requested charge concerning entrapment.