332 So.2d 764 (1976)
STATE of Louisiana
v.
Jackie HARRINGTON.
No. 57298.
Supreme Court of Louisiana.
May 17, 1976.
Rehearing Denied June 18, 1976.
*765 Ferdinand J. Kleppner, Grisbaum & Kleppner, Metairie, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
The defendant, Jackie Harrington, was charged by bill of information with the crime of public bribery in violation of R.S. 14:118.[1] After a jury trial she was found guilty and subsequently sentenced to serve one year in parish prison and fined $100. On appeal she relies on eleven assignments of error. We find merit in Assignment No. 7.
After the conclusion of the testimony, the defendant timely requested that the judge charge the jury on the defense of entrapment. The trial judge was of the opinion that the defendant had not presented a defense of entrapment and therefore denied the request for the entrapment charge. In denying the requested charge, the trial judge committed reversible error.
The evidence adduced by the State through the testimony of several police officers, was to the effect that, beginning in November of 1974 prostitutes "working" Bourbon Street in New Orleans began offering money to the officers on the street if the officers would allow them to practice their "profession" without being arrested. After the first bribe offer, the officers on the street were instructed to accept any bribes offered by the prostitutes, in order to make bribery cases against them, as part of an operation designed to crack down on prostitution on Bourbon Street. However, all of the officers testified that they themselves did not inform anyone that they were available for bribes. According to their testimony, this information was disseminated to prostitutes working Bourbon Street by other prostitutes. The officers merely accepted the money which was offered them, marked it for identification by noting the time, place and date it was received, and by recording the serial numbers of the bills.
In the early morning hours of December 27, 1974, according to the State's evidence, the defendant, accompanied by another known prostitute, approached officers on Bourbon Street and proceeded to hand twenty dollars over to Officer Keyser so she could work the street without fear of arrest. The twenty dollars was taken, marked and turned over to supervisors. At the close of the operation (January, 1975) the defendant was arrested.
According to the testimony of the defendant, she was told by police officers that unless she came up with bribe money, she would be arrested. She claims that she was arrested once for loitering, because she refused to pay the officers the bribes. On the night in question, she alleges that one of the officers told her that she was going to jail again, because she had not paid. This officer, according to the defendant, then took her purse as if to search it before taking her to the station and *766 found a twenty dollar bill which he took, and then permitted her to leave. In response to a question by the court, she stated she did not give the twenty dollars to the officer; rather, the officer took the money from her purse without her consent.
Another defense witness testified she had been approached by officers who demanded fifty dollars to allow her to work the street. She testified she paid the money because the officers warned her that failure to pay would mean she would go to jail. She further testified that she conveyed this information to the defendant.
A discussion of the defense of entrapment appears in State v. Turner, 241 La. 94, 127 So.2d 512, 514 (1961):
"`One who is instigated, induced, or lured by an officer of the law or other person, for the purpose of prosecution, into the commission of a crime which he had otherwise no intention of committing may avail himself of the defense of "entrapment." Such defense is not available, however, where the officer or other person acted in good faith for the purpose of discovering or detecting a crime and merely furnished the opportunity for the commission thereof by one who had the requisite criminal intent. * * * Such entrapment is shown where it appears that officers of the law or their agents incited, induced, instigated, or lured accused into committing an offense which he otherwise would not have committed and had no intention of committing. In other words, if the criminal intent or design to commit the offense charged originates in the mind of the person who seeks to entrap accused and to lure him into commission of the crime merely for the purpose of arresting and prosecuting him no conviction may be made. * * * `"
The question whether the defendant had the requisite intent to commit the crime (public bribery) or whether the police had implanted in the mind of an innocent person the disposition to commit the alleged offense and to induce its commission in order that they may prosecute is a question of fact to be decided by the jury. Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932); Badon v. United States, 269 F.2d 75 (5th Cir. 1959), cert. den. 361 U.S. 894, 80 S.Ct. 199, 4 L.Ed.2d 152 (1959); State v. Bates, 301 So.2d 619 (La.1974). In State v. Kelly, 263 La. 545, 268 So.2d 650, 652 (1972), we stated:
". . . Thus it is a question of fact for the trier of facts to determine whether the accused had the necessary intent or persuasion before the suggestion by the officer to commit the crime. United States v. Caracci, 446 F.2d 173 (5th Cir.) supra; Badon v. United States, 269 F.2d 75 (5th Cir. 1959)."
In the instant case, the defendant presented some evidence that, if believed, could support the defense of entrapment. Her evidence, if believed, could lead to the conclusion that she relinquished the money to an officer because of threats of arrest, with the assurance that if she paid money she would be left alone.
C.Cr.P. 807 states:
"The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.
"A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given."
*767 There is no contention that the requested special charge on entrapment needed qualification, limitation, or explanation. As we pointed out above, it was pertinent. There is no contention that it was not wholly correct. (The defendant requested the court to give its usual entrapment charge).
Nonetheless, the State argues that the defendant cannot rely on the defense of entrapment and at the same time deny committing the crime. Thus, the State argues, the defendant in this case, who denied giving any money to the officer, cannot also be heard to say that she was entrapped into giving him money. See e.g. Rodriguez v. United States, 227 F.2d. 912 (5th Cir. 1955); State v. Parr, 129 Mont. 175, 283 P.2d 1086 (1955).
However, this approach has been rejected by several courts. See e.g. People v. West, 139 Cal.App.2d Supp. 923, 293 P.2d 166 (Cal.1956). There is no logical reason why the defendant should not be allowed to show that the entire plan involved in this case constituted a governmental attempt to entrap persons into committing the crime of bribery, even though she claims she did not bribe the officer, but that he took the money away from her when she refused to pay the bribe. In Sears v. United States, 343 F.2d 139 (5th Cir. 1965), the court allowed the defendant to assert that he did not commit the act he was accused of, and also raise the defense of entrapment. In the course of its opinion, the court stated:
". . . A criminal defendant should not forfeit what may be a valid defense, nor should the court ignore what may be improper conduct by law enforcement officers, merely because the defendant elected to put the government to its proof. . . ." 343 F.2d 139, 143.
Since the judge failed to give the special instruction on entrapment, upon proper request by the defendant, we reverse the conviction. State v. Liesk, 326 So.2d 871 (La.1976); State v. Montalbano, 257 La. 884, 244 So.2d 820 (1971).
Accordingly, the conviction and sentence are reversed and set aside, and the case is remanded for a new trial in accordance with law.
DENNIS, J., concurs. Where, as here, the State's own case in chief injects substantial evidence of entrapment into the case, in fairness the defendant should be entitled to an instruction on the subject. See Sears v. U.S., 343 F.2d 139 (5th Cir. 1965).
SANDERS, C.J., and SUMMERS and MARCUS, JJ., dissent.
NOTES
[1] R.S. 14:118 provides, in pertinent part:

"Public bribery is the giving or offering to give, directly or indirectly, anything of apparent present or prospective value to any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty:
"(1) Public officer or public employee;. . .'