DIXON, Justice.
The defendant James Wesley Braggs was charged by bill of information with the crime of distribution of marijuana, in violation of R.S. 40:966. Defendant waived his right to a jury trial, and on October 17, 1975 he was found guilty and subsequently sentenced to five years imprisonment and fined $1000 or one year in parish prison in default of the fine. On appeal he relies on two assignments of error.
The first assignment of error complained that the trial court failed “to allow the defense enough latitude in the cross-examination of the State’s witnesses as to information regarding the history behind the decision to ‘stake out’ the gasoline *216 station where the crime was committed, and further erred in its failure to allow the defense enough latitude in its cross-examination (in its effort to show entrapment) as to conversations of and decisions made
In its per curiam the trial court noted that the objection made by the State and sustained by the court was to the following question directed to John W. Oxley, a policeman:
“Did you at any time ask this informant to ask people who came to the Skelly Station if they had marijuana for sale?”
The record reflects that the question to which the State objected was asked, in substantially the same form, twice by defense counsel and the objection to the question was sustained twice. On neither occasion did the defense inform the court of the revelance of the question. The court was not informed at the time of the objection that the defendant’s cross-examination was directed toward a defense of entrapment. Neither can we glean from the record that the objection was erroneously sustained nor that any prejudice was suffered by the defendant.
There is no merit in the first assignment of error.
In his second assignment of error the defendant maintains that “the trial court erred in its failure to properly find entrapment under the facts of this case.”
This assignment seems to be directed toward the factual finding of guilt by the trial judge. The defendant did not request that the trial judge charge himself on the law of entrapment. There were no written requested charges submitted by the defendant. There was no motion for a directed verdict. This court lacks jurisdiction to review the facts in a criminal case. Article V, § 5(C), Louisiana Constitution of 1974.
At any rate, the record supports the trial judge’s per curiam in which he stated, “Defendant’s own testimony showed that he knew that he was violating the law, intended to do so and was merely availing himself of an opportunity afforded by the police.”
There is no merit to the second assignment of error.
The conviction and sentence are affirmed.