351 So.2d 1178 (1977)
STATE of Louisiana
v.
Charles LINDSEY.
No. 59716.
Supreme Court of Louisiana.
November 14, 1977.
*1179 Barry F. Viosca, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Nick F. Noriea, Jr., Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
A grand jury indicted the defendant, Charles Lindsey, with distribution of heroin, a violation of LSA-R.S. 40:966. A unanimous jury found him guilty as charged. The court imposed a life sentence without benefit of parole, probation, or suspension of sentence.
The defendant appeals. He relies on five assignments of error for reversal of his conviction and sentence. As counsel failed to brief or argue Assignment of Error No. 6, we consider it abandoned. State v. Phillips, La., 337 So.2d 1157 (1976); State v. Blanton, La., 325 So.2d 586 (1976); State v. Carlisle, La., 315 So.2d 675 (1975).
We adduce the following context facts:
During the fifteen month narcotics investigation known as "Top Cat Operations," the defendant sold an undercover agent, Officer Taplin, two bundles (fifty tin foil packets) of heroin for $350.

ASSIGNMENT OF ERROR NO. 1
Officer Reiher conducted a surveillance of the defendant and Officer Taplin's pre-arranged meeting at Washington Avenue and Willow Street. (After this meeting, they drove to a different locale to make the sale.) In describing Officer Taplin's approach, Officer Reiher stated:
"The officer looked as though he was going to park in that particular location, but then decided thenit appeared that he was going to park . . ." [Tr. p. 21.]
Defense counsel objected as to testimony concerning what Officer Reiher "may or may not have decided or thought at the time." The court overruled the objection.
Assuming, without deciding, that the court erred in overruling the defense objection, we find that he was not prejudiced thereby. A State photographic exhibit, S-10, depicted Officer Taplin's car parked on Washington Avenue and Willow Street. Likewise, Officer Taplin testified that he parked his car at that intersection in order to meet the defendant. As the evidence went to the jury on two other occasions, we find no reversible error. See LSA-C.Cr.P. Art. 921; State v. Rideau, 249 La. 1111,193 So.2d 264 (1966).
This assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 2, 3, AND 4
The defendant contends that the court's ruling evidence concerning Henry Lee's role[1] in "Top Cat Operations" irrelevant curtailed his constitutional right to cross-examination. See La.Const. Art. 1, § 16 (1974).
Counsel attempted to question three undercover officers (Reiher, Driscoll, and Taplin) on Lee's involvement in the fifteen month narcotics investigation. The State objected, contending that the only relevant inquiry would be into Lee's involvement in the instant offense. The court sustained the objections, but gave counsel the opportunity to establish the evidence's relevancy with the instant offense. In addition, the court rephrased questions posed to restrict *1180 the scope of inquiry to Lee and the present heroin distribution.[2] The witnesses answered these questions.
The relevancy of evidence must be determined by the purpose for which counsel offers it. LSA-R.S. 15:442. This relevancy determination lies within the discretion of the trial court and will not be disturbed absent a clear abuse of that discretion. State v. Winston, La., 343 So.2d 171 (1977); State v. Gallow, La., 338 So.2d 920 (1976).
Because the trial judge determines the relevancy of evidence by the purpose for which it is offered, it is crucial for counsel to state the purpose. This must be done contemporaneously with the offer of evidence so as to allow the judge to make an intelligent ruling. The concept of alerting the trial judge to the objections and reasons is also embodied in Louisiana Code of Criminal Procedure Article 841. See State v. Charles, La., 326 So.2d 335 (1976).
Here counsel neglected to state the purpose of this evidence when he offered it and when the judge ruled. In his brief, he alleges that the evidence was relevant to his entrapment defense.
In State v. Braggs, La., 334 So.2d 215-216 (1976), the defendant presented a similar issue. He argued that the court unduly restricted his cross-examination by sustaining the State's objections. Therein we stated:
"The record reflects that the question to which the State objected was asked, in substantially the same form, twice by defense counsel and the objection to the question was sustained twice. On neither occasion did the defense inform the court of the relevance of the question. The court was not informed at the time of the objection that the defendant's cross-examination was directed toward a defense of entrapment. Neither can we glean from the record that the objection was erroneously sustained nor that any prejudice was suffered by the defendant."
Since the trial court ruled without the benefit of the defendant's theory of relevancy, we conclude that the court did not abuse its discretion in disallowing the evidence.
Even if counsel had timely informed the court of the entrapment theory, we still find the ruling a legitimate exercise of the court's discretion. Evidence of Lee's general involvement with "Top Cat Operations" is irrelevant to the defense of entrapment presented in the present case, since Lee did not participate in this heroin sale. Entrapment exists in "those instances in which a defendant is induced or incited to commit a crime not originally intended or contemplated by him, for the purpose of arresting and prosecuting him." [Emphasis supplied.] State v. Turner, 241 La. 94, 127 So.2d 512-514 (1961). See also State v. Harrington, La., 332 So.2d 764 (1976); State v. Kelly, 263 La. 545, 268 So.2d 650 (1972). Thus, the defense of entrapment is only relevant to the crime charged.
These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 5
The defendant avers that the trial court erred in holding defense Exhibit Nos. 3 and 5 irrelevant.
The record identifies D-3 as a bill of information in Case No. 195-245, and D-5 as four documents relating to Arrest No. 420829. The defense contends that "(s)aid exhibits were important to establish a character picture of Henry Lee which would provide weight to the defense of entrapment." Presumably, the information and arrest concerned Lee.
For the same reasons set forth in the above assignments of error, we conclude that the defendant has failed to prove that the judge has clearly abused the discretion *1181 afforded him in determining the relevancy of this evidence.
This assignment of error is without merit.
We note, ex proprio motu, that the sentence imposed is illegal. See LSA-C. Cr.P. Art. 920(2). The district court sentenced the defendant to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. One guilty of distribution of heroin "shall be sentenced to life imprisonment at hard labor and, in addition, may be required to pay a fine of not more than Fifteen Thousand Dollars." LSA-R.S. 40:966 B(1).
The statute does not bar parole. Hence, the sentence must be reduced to the statutory requirements. See State v. Jones, La., 341 So.2d 3 (1976); State v. Marks, La., 337 So.2d 1177 (1976).
For the reasons assigned, the conviction is affirmed. However, the sentence imposed is vacated and set aside, and the case is remanded to the district court for resentencing in accordance with law and the views herein expressed.
DIXON and CALOGERO, JJ., concur.
NOTES
[1] At the time of trial, Henry Lee was deceased.
[2] Officers Reiher, Driscoll, and Taplin testified that Lee never aided the police or participated in this sale. Taplin explained that Lee was an "unwitting informer" who did not know he was an officer. Taplin associated with him on occasions in order to ingratiate himself into the drug ring.