358 So.2d 285 (1978)
STATE of Louisiana
v.
Janice WEEMS and Roger Sallettes, Jr.
No. 60855.
Supreme Court of Louisiana.
April 10, 1978.
Rehearings Denied May 19, 1978.[*]
*286 Edward C. Keeton, Gretna, for Janice Weems.
Edward A. Haggerty, Jr., New Orleans, for Roger F. Sallettes, Jr.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Division, Metairie, for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged the defendants, Janice Weems and Roger Sallettes, Jr., with distribution of phencyclidine, a violation of LSA-R.S. 40:967. The jury returned guilty verdicts. The court sentenced Weems to four years imprisonment and Sallettes to eight years.
The defendants appeal. They rely on fourteen assignments of error for reversal of their convictions and sentences. Defendant Weems specifically abandoned Assignments of Error Nos. 2 and 6.
We adduce the following context facts:
A confidential informer telephoned Undercover Agent Warren Breaux and asked him if he was interested in a drug transaction. The agent replied that he was. When the agent arrived at the informer's apartment later that night, Weems and Sallettes had departed with $110 of the informer's *287 money. Two hours later, they returned. Weems handed the phencyclidine to Sallettes, who then handed it to Agent Breaux.

ASSIGNMENTS OF ERROR NOS. 1, 3, 5 AND 12 (Weems)

ASSIGNMENTS OF ERROR NOS. 1 AND 2 (Sallettes)
In a Bill of Particulars, during trial, and in a motion for a new trial, the defense unsuccessfully sought disclosure of the identity and address of the confidential informer. In claiming that he was material to the defense of entrapment, they point to the following: that he arranged for the distribution; that he paid the defendants with his own money, and thus, was an active participant; that he was a witness; and that the distribution occurred in his apartment.
The privilege of withholding the identity of an informer who supplies information to law enforcement officers concerning crime is founded on public policy and seeks to advance the public interest in effective law enforcement. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). We have consistently held that a confidential informer's identity will be revealed only in exceptional circumstances, and that the defense must demonstrate these exceptional circumstances. State v. Williams, La., 347 So.2d 184 (1977); State v. de la Beckwith, La., 344 So.2d 360 (1977); State v. Robinson, La., 342 So.2d 183 (1977); State v. Russell, La., 334 So.2d 398 (1976). Moreover, the trial court has much discretion in determining whether the circumstances warrant disclosure. State v. de la Beckwith, supra; State v. Robinson, supra.
In closing arguments, both defense counsel admitted knowing who the confidential informer was. They also knew his address at the time of the crime for the State gave the exact location of the transaction and stated that it was the confidential informer's apartment. See State v. Robinson, supra. Neither defendant subpoenaed him, and the record is void of any attempt to locate him. Moreover, the court permitted full examination concerning his background: his criminal record, life style, drug involvement, education, employment, and the method of compensation for his information. See State v. Williams, supra (Tate, J., concurring).
The informant did not participate in the crime of distribution. The defendants directly transferred the phencyclidine to Agent Breaux. The bare allegation of entrapment is insufficient to compel disclosure. See State v. de la Beckwith, supra; State v. Dotson, 260 La. 471, 256 So.2d 594.
Under these circumstances, we hold that the court did not abuse its discretion in denying the defense requests for the identity and address of the confidential informer.
These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 4 (Weems)
Attempting to establish the delay between the offense and arrests, Weems' defense counsel asked Agent Breaux whose duty it was to present the cases to the district attorney's office. The State objected, urging that the question called for a speculative answer. The court sustained the objection. Defendant Weems now complains of the ruling.
Assuming arguendo that the court erred, no prejudice resulted. Agent DiGerolamo testified that Captain Reed decided which cases to present to the district attorney. Also, the same witness gave the dates of the offense and arrests, the objective of counsel's query. See LSA-C.Cr.P. Art. 921; State v. Western, La., 355 So.2d 1314 (1978); State v. Alexander, La., 351 So.2d 505 (1977).
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 7 (Weems)
Agent DiGerolamo conducted a surveillance of the confidential informer's apartment from the parking lot. He testified *288 that Agent Breaux entered the apartment at 9:10 p. m. and that the defendants entered at 11:00 p. m. He also stated that the defendants remained there for one hour and fifty minutes.[1] Thereafter the following occurred:
"[THE PROSECUTOR]: Approximately what time did they [the defendants] arrive now, what time at night?
"[THE WITNESS]: About 11 p. m.
"Q. All right and then they left at about what time?
"A. About 11:20.
"Q. All right, well you just stated an hour and fifty minutes they were inside the apartment and now you're saying
"A. No, the time they
"[DEFENSE COUNSEL]: Your Honor, I'm going to object to this. He is trying to impeach his own witness.
"[THE PROSECUTOR]: Your Honor, I'm not trying to
"[THE COURT]: The objection is overruled.
"[DEFENSE COUNSEL]: Note my objection.
"[THE PROSECUTOR]: Would you just clarify that?
"[THE WITNESS]: An hour and fifty minutes from the time that Agent Breaux had arrived that they arrived.
"Q. All right, sir, and how long were the defendants in the apartment before they left?
"A. About twenty minutes." [Tr. pp. 228-229.]
Defendant Weems assigns the court's ruling as error.
The prosecutor was not impeaching his witness. The agent obviously misunderstood the question to refer to the length of time Agent Breaux was in the apartment instead of the length of time the defendants were there. The State merely asked the agent to clarify his statement.
We conclude that the court correctly overruled the objection grounded on improper impeachment.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 8 (Weems)
In questioning Agent DiGerolamo about the confidential informer's drug habits, counsel for Defendant Weems asked him to explain what other uses methadone had besides use for heroin withdrawal. The State objected on the basis that the witness was not qualified as an expert in that field. The court sustained the objection, and Defendant Weems contends that it was error.
A lay witness may only testify as to facts within his knowledge. LSA-R.S. 15:463. But an expert witness may give testimony involving special knowledge that he acquired through training or experience. LSA-R.S. 15:464. However, prior to giving expert testimony, the court must be satisfied of his competency and must qualify him as an expert. LSA-R.S. 15:466.
Agent DeGerolamo may have gained special knowledge of methadone's medical purposes while working three and one-half years as a narcotics agent. See State v. Brown, 250 La. 1125, 202 So.2d 274 (1967). However, absent court qualification as an expert in narcotics, the agent is prohibited from testifying as to the uses of methadone. See State v. Maney, 242 La. 223, 135 So.2d 473 (1961); State v. Damico, 213 La. 765, 35 So.2d 654 (1948). Questions of this nature involve knowledge obtained from special training or experience. Thus, the court properly sustained the objection.
This assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 9 AND 10 (Weems)
Counsel for Defendant Weems asked Agent DiGerolamo how police solicited confidential informants, other than the one involved in this case. The State objected, *289 contending that solicitation of other confidential informants is irrelevant. The court sustained the objection, and Defendant Weems now challenges the ruling.
Relevant evidence tends to show or negate the commission of the offense or intent. LSA-R.S. 15:441. The relevancy of evidence must be determined by the purpose for which counsel offers it. LSA-R.S. 15:442. Thus, counsel must alert the court to the evidence's relevancy contemporaneously with the objection to allow the judge to rule intelligently. State v. Lindsey, La., 351 So.2d 1178 (1977). Moreover, a determination of relevancy lies within the discretion of the trial court and will not be disturbed absent a clear abuse of that discretion. State v. Winston, La., 343 So.2d 171 (1977); State v. Gallow, La., 338 So.2d 920 (1976).
Counsel failed to apprise the judge of the relevancy of the testimony. Because the judge ruled without benefit of counsel's theory of relevancy, we conclude that he did not abuse his discretion in disallowing the evidence. State v. Lindsey, supra; State v. Braggs, La., 334 So.2d 215 (1976).
In any event, the ruling was correct. Evidence concerning other confidential informers is irrelevant to the crime and defense. State v. Lindsey, supra.
These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 11 (Weems)

ASSIGNMENT OF ERROR NO. 3 (Sallettes)
Both defendants contend that the court erred in denying their oral motion for a special requested charge, namely that " . . . evidence under the control of a party and not produced by him was not produced because it would not have aided him. . ." See LSA-R.S. 15:432. They wanted the jury to apply it to the State's failure to call the confidential informer as a witness.
The court properly denied the request since the defense failed to put the special charge in writing. LSA-C.Cr.P. Art. 807; State v. Orsby, 261 La. 605, 260 So.2d 639 (1972); State v. Shirley, 256 La. 665, 237 So.2d 676 (1970).
Assuming, however, that the special charge was in writing, it needed qualification and explanation in light of the confidential informer's privilege. Thus, the court correctly refused to charge the jury as requested. LSA-C.Cr.P. Art. 807.
These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 4 (Sallettes)
Defendant Sallettes complains of the denial of the motion for a new trial.
Inasmuch as the motion reurges the assignments of error previously rejected, the court properly denied it.
This assignment of error is without merit.
For the reasons assigned, the convictions and sentences are affirmed.
CALOGERO, J., concurs.
NOTES
[*] Dixon and Calogero, JJ., would grant a rehering.
[1] Agent Breaux had previously testified that the defendants remained in the apartment for approximately ten minutes.