HAMLIN, Justice:
Defendant appeals from his conviction of the crime of attempted murder, LSA-R.S. 14:27(3) and his sentence to serve four years in the Louisiana State Penitentiary. Two bills of exceptions reserved during the course of the proceedings are presented for our consideration.
BILL OF EXCEPTIONS NO. 1
Bill of Exceptions No. 1 was reserved when the trial court denied defense counsel’s motion for a mistrial.
During the State’s closing argument, the Assistant District Attorney made the following remarks:
“The State is glad and the officers are probably glad, but they probably wish they could have traded places with you that night — that they were there and you were not, because you haven’t had the training; you don’t work out in a gym; you don’t try to stay in top physical shape to encounter this type of person, this unpredictable animal.”
After defense counsel objected to the above statement and reserved a bill of exceptions to the denial of his motion for a mistrial, the trial court instructed the jury as follows:
“Gentlemen, the comments of Counsel are not evidence. You are intelligent men, you heard the facts. It’s up to you to decide on the facts in this case.”
Herein, counsel for the defendant contends that the Assistant District Attorney’s remarks were in no way supported by the evidence in this case. He states that while defendant was waiting to view a Mardi Gras parade in the 100 block of Royal Street, New Orleans, Louisiana, he became *959 engaged in a confrontation with several plain-clothed police officers; he removed a knife from his pocket in an effort to protect himself. (The State adduced testimony to the effect that Sgt. James L. Webb, Jr.’s jacket was pierced by defendant’s knife.) He further states that at the time of the confrontation, followed by arrest, defendant was severely beaten by the officers and required treatment at Charity Hospital. Counsel argues that the remarks, supra, prejudiced the accused, and that he should be granted a new trial.
Invective remarks made by a prosecuting attorney are permissible when supported by the evidence in the case. State v. Vernon, 251 La. 1099, 208 So.2d 690. The evidence attached to the instant bill discloses that at the time of defendant’s arrest, he and the arresting officers engaged in a scuffle accompanied by some violence. The officers testified to these facts. The defendant took the stand during trial; his testimony was a denial of the officers’ testimony and was to the effect that he had no intent to injure any officer, his actions being those of self-defense.
The jury considered the evidence adduced.
In his per curiam to this bill, the trial judge states:
“While the District Attorney was obviously carried away and became overemotional, I don’t believe that this made twelve intelligent persons disregard all of the facts in the case or so prejudiced them against the defendant that they found him guilty because of the untrained statement of an over-anxious District Attorney; and, in my opinion, there was sufficient credible evidence and testimony in the record on which the jury could find the defendant guilty beyond a reasonable doubt.”
We find that the admonition given to the jurors, supra, Arts. 770 and 771, LSA-C.Cr.P., removed any confusion in their minds with respect to determining the guilt or innocence of the defendant. If any error was committed by the Assistant District Attorney, it was hai'mless and met the test set forth in Harrington v. State of California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284. Defendant suffered no prejudice reqxxiring the granting of a new trial. LSA-C.Cr.P. Art. 921.
Bill of Exceptions No. 1 is without merit.
BILL OF EXCEPTIONS NO. 2
Bill of Exceptions No. 2 was reserved to the refusal of the trial judge to give the jury a special charge dealing with “Motive” after he had completed his general chax'ge.
Defense counsel requested the special charge by tendering the trial judge a. *961 slip of paper on which was stated, “request the special charge dealing with motive.” The charge was not written in a form which could be submitted to the jury. LSA-C.Cr.P. Art. 807. It required qualification, limitation, or explanation. See, State v. Shirley, 256 La. 665, 237 So.2d 677. Despite the brevity of the request, defense counsel contends herein:
“The law considers that no man does any act without a motive for the doing of it. Motive is essentially a question of fact and the absence of motive should be considered by the Jury as bearing on the guilt or innocence of the accused. Where the accused shows facts tending to show absence of motive, the Jury should be instructed that the absence of motive is a circumstance in favor of the accused.”
The following per curiam of the trial judge, with which we agree, explains the correctness of his ruling:
“Bill of Exception No. 2 occurred when defense counsel at the end of the case and after I had completed my charge to the jury handed me a piece of paper on which was written ‘request the special charge dealing with motive’. I declined to grant the request as stated. First, counsel did not state in his request specifically what language he wished to have the jury given but merely used the term ‘the special charge dealing with motive’. In my opinion, it was his responsibility to state the law requested so that I could determine whether it was a correct statement of the law or whether it required further explanation or clarification or whether it was in fact applicable in this case.
“Furthermore, the facts of this case to me did not call for a charge on motive since the evidence revealed that when the officer stopped the defendant during a carnival parade for punching people to the ground, he ordered them out of his way and stated that if they didn’t move he would stab them. He then attempted to stab one of the officers twice with a very large knife and had to be subdued by the victim’s fellow officers. As such, I don’t see how any question of motive would be applicable in the case. It was his threat and act of violence which precipitated the incident and under a charge of attempted murder it was only necessary that the State prove that he intentionally attempted to kill or inflict great bodily harm to the officer with the weapon * * * in my opinion, the credible evidence and testimony clearly established that beyond a reasonable doubt; and, the jury obviously agreed with my finding of fact by their verdict. Since I so charged the jury, I fail to see how my failure to give a charge of motive deprived the defendant of a fair trial. The defendant testified in his own behalf and *963 as such was afforded thé opportunity to give his version of what occurred. The fact that the jury obviously was not impressed with his testimony clearly indicates that as a matter of fact they believed the defendant had intentionally attempted to either kill or inflict great bodily harm to the officer and they found by their verdict of guilty as charged that such was the evidence and proof beyond a reasonable doubt. I believe that just as this Court has required that counsel state the reason for his objection when making same, counsel should also be required to state that portion of the law or that language of the law which he requests be given to the jury in order to afford me as the trial judge the opportunity to ascertain whether or not in my opinion, and in accordance with law, it should or should not be given. Since such was not done here, I do not believe it was incumbent upon me to speculate as to what counsel meant by his quoted request.”
Bill of Exceptions No. 2 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.