PER CURIAM.
The defendant, Roy Lee Orsby, appeals from a conviction of simple burglary, La. R.S. 14:62, for which he was sentenced to serve five years at hard labor in the .state penitentiary. On appeal, the defendant.asserts two bills of exceptions. • h
The first bill of exceptions was reserved when the trial court refused an oral request to give a special charge requested by the defense. After the court had charged the jury, counsel for the defense verbally requested the court to charge the jury in regard to testimony of a co-defendant or co-conspirator. The trial judge refused to give the charge requested for two reasons. First, he determined that no charge was needed because there was no co-defendant charged nor tried jointly with the defendant in this case. A minor, who was charged in juvenile court for the same act, testified in the case, but by no means could be considered a co-defendant or co-conspirator, reasoned the trial judge.
Secondly, counsel for the defense made his request orally and did not, according to the trial judge, comply with La.C.Cr.P. art. 801, in that the request was not written.
In part, La.C.Cr.P. art. 801 states that, “the court shall reduce its charge to writ *608 ing if it is requested to do so by either a defendant or the state prior to the swearing of the first witness at the trial on the merits. The court’s written charge shall be read to the jury. The court shall deliver a copy thereof to the defendant and to the state prior to reading it to the jury.” La.C.Cr.P. art. 807 reads as follows:
“The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.
“A requested special charge shall be given by the court, if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.”
Counsel for the defense did not comply with C.Cr.P. art. 807 in that he did not reduce his requested special charge to writing, as required by that article. State v. McGregor, 257 La. 956, 244 So.2d 846 (1971). For this reason, this first bill of exceptions lacks merit.
Defendant’s second bill of exceptions was taken to the denial of a motion for new trial. The motion for new trial set forth that the ver’dict was contrary to the law and evidence. Such a bill of exceptions taken to the denial of a motion for a new trial presents nothing for review. State v. Grey, 257 La. 1070, 245 So.2d 178 (1971).
For the reasons assigned, the sentence and conviction are affirmed.
BARHAM, J., concurs.