362 So.2d 547 (1978)
STATE of Louisiana
v.
Richard Weston DICK.
No. 61658.
Supreme Court of Louisiana.
September 5, 1978.
*548 Allen A. McElroy, Jr., McElroy & Ramsey, Ltd., Berwick, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., Walter J. Senette, Jr., Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Richard Weston Dick was charged by two separate bills of information with the crimes of possession with intent to distribute marijuana in violation of La.R.S. 40:966 and possession of amphetamines in violation of La.R.S. 40:967. Defendant's motion to suppress physical evidence seized pursuant to a search warrant was denied after a hearing. Thereafter, defendant withdrew his former plea of not guilty and pled guilty to possession of amphetamines, reserving his right to appeal the ruling of the trial judge denying his motion to suppress. State v. Hutchinson, 349 So.2d 1252 (La. 1977); State v. Crosby, 338 So.2d 584 (La. 1976). Defendant's qualified plea of guilty was accepted by the trial judge. Defendant was sentenced to serve three years at hard labor; however, the trial judge suspended execution of sentence and placed defendant on supervised probation for a period of eighteen months. As a special condition of probation, defendant was to serve sixty days in the parish jail and to pay the costs of the proceedings which conditions were made executory in the event of an unsuccessful appeal to this court. On appeal, defendant relies on five assignments of error for reversal of his conviction and sentence. Finding merit to Assignments of Error Nos. 1, 2, 3 and 5, we reverse defendant's conviction and sentence for reasons hereinafter set forth.
Defendant contends the trial judge erred in curtailing his examination of certain witnesses at the suppression hearing concerning the informer who had supplied information to the police which furnished the basis for the issuance of a warrant for the search of defendant's motel room.
On August 18, 1977, a search warrant was issued authorizing the search of Room 143 of the Twin City Motel in Morgan City which was registered to Betty DesRoches, defendant's mother. At the time defendant was living there with his mother. The affidavit which supported the issuance of the search warrant recited that an informer, who had proven reliable in the past and had furnished information which led to arrests and convictions, had that date informed the affiants, Captain James L. Manning and Detective Frank P. Mula, Jr., of the Morgan City Police Department, that he had seen a certain amount of green, vegetable-like substance which he believed to be marijuana in the motel room. It was further stated in the affidavit that a sample of the material was given to affiants which, when tested, proved to be marijuana. The substance was believed to be stored in a small plaid suitcase. Acting under the authority of the warrant, two members of the Morgan City Police Department conducted a search of the motel room and seized therein amphetamines and a quantity of marijuana along with the necessary items to roll and to distribute the substance. Defendant subsequently was arrested and charged with the instant offenses.
Defendant filed a motion to suppress the evidence seized pursuant to the search warrant in which he alleged, inter alia, that the affidavit which supported the issuance of the warrant recited untrue allegations concerning the reliability of the informer and that the information furnished by the informer to the police had been unlawfully obtained. At the suppression hearing, defendant called to the stand Detective Mula who testified that he and Captain Manning had received the information recited in the affidavit from an informer who had given reliable information in the past. Defense counsel questioned the officer as to whether David Arcemont, the owner and manager of the motel, was the informer. The state objected to this inquiry on the ground that *549 the defense had failed to make a proper showing of exceptional circumstances to warrant disclosure of the identity of the informer. The trial judge sustained the objection. Mula was then asked if Arcemont had given him any articles on August 18, 1977. Again, the state objected to this question as an indirect attempt to ascertain the identity of the informer. The objection was sustained. Thereafter, Mula testified that the informer had removed from a multicolored zip-up suitcase located in defendant's room a sample of marijuana which he delivered to the police.
Defendant next called to the stand David Arcemont and questioned him as to whether he had entered defendant's room on August 18. The state objected to this question as being directed toward revealing the identity of the informer. The state's objection was sustained. Subsequently, defense counsel asked Arcemont if he was the informer in the case. The state's objection thereto likewise was sustained by the trial judge. The following colloquy then occurred between defense counsel and the witness:
Q. Do you remember having a conversation with me on the telephone, Mr. Arcemont?
A. Yes, I do.
Q. Do you remember speaking to me concerning this matter?
A. Yes.
Q. Did you admit during that conversation that you were an informer for the Morgan City Police Department?
A. Yes, sir, I didan informant on that case that we talked about.
Q. Was that case this case?
A. Yes, it is.
Q. Are you the informer on this case?
The state reurged its objection to this inquiry which was similarly sustained. Arcemont later denied that he had conducted a search or had entered defendant's room. When the witness was asked if he had confiscated any material from the room, the state objected to the question and the trial judge sustained the objection. Later during the suppression hearing, defense counsel was sworn as a witness and testified that Arcemont had admitted to him that he was the informer in this case. Arcemont was then recalled to the stand and again admitted that he had told defense counsel that he was the informer. When defense counsel asked the witness if he was the informer in the case, the state reurged its objection to the inquiry asserting its privilege against disclosure of the informer's identity. The objection was sustained. Likewise, defense examination of Captain Manning and Detective Mula, who was recalled to the stand, concerning whether Arcemont was the informer was curtailed by the trial judge. Both police officers testified that only one informer had participated in the case. At the conclusion of the hearing, the trial judge denied defendant's motion to suppress.
The questions posed by defense counsel to the witnesses at the suppression hearing were directed at eliciting testimony that Arcemont was the informer in this case, as Arcemont had previously admitted to defense counsel, and at determining how he had secured information that a quantity of marijuana was stored in a multicolored suitcase in defendant's motel room which information supported the issuance of the warrant for the search of the room. In sustaining the state's objections to these questions, the trial judge ruled that such information was protected from disclosure by the informer's privilege. The informer's privilege is the privilege of withholding the identity of an informer who supplies information to law enforcement officials concerning crime. It is founded upon public policy and its purpose is the furtherance and protection of the public interest in effective law enforcement. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); State v. Helmke, 350 So.2d 1191 (La.1977); State v. Sheppard, 350 So.2d 615 (La.1977); State v. delaBeckwith, 344 So.2d 360 (La.1977); State v. Robinson, 342 So.2d 183 (La.1977). However, this privilege granted to the government is not absolute but rather is limited by its underlying purpose. Roviaro v. United *550 States, supra; State v. Helmke, supra. Thus, once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable. Roviaro v. United States, supra.
In the instant case, the record clearly establishes that the identity of the informer was known to defense counsel and in fact had been disclosed to him by the informer himself, i. e., Arcemont. Hence, the state's privilege in withholding from disclosure the identity of the informer ceased to exist. The state, therefore, could not assert the privilege during the suppression hearing and thereby prevent defense counsel from questioning the witnesses, particularly the informer, regarding the manner in which the informer obtained information which subsequently furnished the basis for the issuance of the warrant to search defendant's room. Since the informer's privilege was not applicable, defense counsel should have been permitted to interrogate the witnesses concerning all matters relevant to the issues raised by his motion to suppress, including the involvement of the informer in this case. We, therefore, conclude that the trial judge improperly curtailed defense counsel's examination of the witnesses at the suppression hearing. Accordingly, we must reverse defendant's conviction and sentence and remand the case to the trial court for further proceedings.

DECREE
For the reasons assigned, the conviction and sentence are reversed, and the case is remanded to the Sixteenth Judicial District Court, Parish of St. Mary, for further proceedings consistent with the views herein expressed.
SUMMERS, J., dissents.