448 So.2d 1363 (1984)
STATE of Louisiana, Appellee,
v.
Vincent J. BOOTH, Appellant.
No. 15861-KA.
Court of Appeal of Louisiana, Second Circuit.
March 26, 1984.
Rehearing Denied May 2, 1984.
*1364 Kidd, Jones & Kidd by Jerry L. Jones, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Johnny Parkerson, Dist. Atty., Joseph T. Mickel, Asst. Dist. Atty., Monroe, for appellee.
Before PRICE and MARVIN, JJ., and ENOS C. McCLENDON, J. Pro Tem. JJ.
*1365 PRICE, Judge.
The defendant, Vincent J. Booth, has appealed his conviction for Distribution of a Controlled Dangerous Substance, La.R.S. 40:966. We find no merit to the numerous assignments of error and affirm the conviction for the reasons assigned herein.
The charge against defendant followed a purchase made by an undercover police officer, James Kees, at defendant's dormitory room on the Northeast Louisiana University Campus on the evening of November 15, 1982. Officer Kees was accompanied by a confidential informant who was acquainted with defendant. The confidential informant informed defendant that Kees desired to purchase some marijuana. Defendant told Kees he had a one-half ounce sack which could be purchased for fifty-five dollars. Kees paid this amount and received the bag of marijuana from defendant. Subsequently, defendant was charged on December 15, 1982, by a bill of information with Distribution of a Controlled Dangerous Substance.
After defendant's arrest, defense counsel filed pre-trial discovery motions pursuant to La.C.Cr.P. Art. 716. In the response to the motions the district attorney stated that defendant had made spontaneous oral statements to an undercover police officer on November 15, 1982. The first statement was stated to have been made at the Bleachers Lounge in Monroe at around 9:00 p.m. and the second at defendant's dormitory room at around 9:25 p.m.
Immediately prior to the commencement of the trial on April 4, 1983, the state orally moved to amend its previous answer to discovery to delete reference to the oral statement allegedly made by the defendant to the undercover police officer at 9:00 p.m. on November 15, 1982, at the Bleacher's Lounge. Defense counsel objected pursuant to La.C.Cr.P. Art. 729.5. Defense counsel argued that the deletion eliminated his defense of misidentification on the part of Officer Kees. Defense counsel contended that he was forced to change his defense to entrapment. He further contended that he did not prepare for the defense of entrapment because he relied on what appeared to be a misidentification on the part of Officer Kees in the state's discovery answer. The trial court found the defendant was not prejudiced by allowing the amendment to the state's discovery response and continued with the trial after overruling the defendant's objection.
On this appeal defendant has made the following assignments of error:
(1) The trial court erred when it ruled that the state of Louisiana could amend its answer to discovery subsequent to jury selection in 10 to 15 minutes prior to the start of the trial on the merits.
(2) The trial court erred when it ruled that the defense was not entitled to a continuance or a mistrial as requested by defense counsel after it allowed the state to amend its answer to discovery.
(3) The trial court erred when it ruled that the defendant suffered no prejudice from the state's untruthful answer to defendant's motion for discovery, notwithstanding the fact that defense counsel testified as to the detrimental reliance as it related to the identification of the defendant, on such answers.
(4) The defense counsel was rendered ineffective by the state's untruthful answer to discovery in that the viable defense of entrapment was virtually abandoned by the defense in favor of the defense of identification, all as a result of the aforementioned untruthful answer.
(5) The trial court erred when it curtailed cross-examination of the state's key witness, James Kees, on the subject of his knowledge of Kevin Newell, the alleged reliable confidential informant, involved in the drug transaction which forms the basis of the instant prosecution.
(6) The state of Louisiana failed to meet its burden of proof when it failed to rebut specific allegations of misconduct and entrapment raised by the defense.
(7) The trial court erred when it failed to give requested jury charges submitted on behalf of the defendant.
*1366 ASSIGNMENTS OF ERROR 1, 2, 3, and 4:
The Louisiana Supreme Court has consistently held that where the defendant has been lulled into a misapprehension of the strength of the state's case by the failure to fully disclose, such a prejudice may constitute reversible error. State v. Ray, 423 So.2d 1116 (La.1982); State v. Strickland, 398 So.2d 1062 (La.1981); State v. Hatter, 350 So.2d 149 (La.1977). However, the failure of the state to comply with discovery procedure will not automatically require reversal. Rather, this court must review the record for a determination of whether any prejudice which may have resulted from the non-compliance caused the trier of fact to reach the wrong conclusion. State v. Ray, supra; State v. Mitchell, 412 So.2d 1042 (La.1982); State v. Davis, 399 So.2d 1168 (La.1981).
La.C.Cr.P. Art. 729.3 imposes a continuing duty upon a party prior to or during trial to promptly notify the other party and the court of the discovery of additional evidence previously requested by the other party and subject to discovery or inspection under the court order. State v. Vaccaro, 411 So.2d 415 (La.1982). Counsel for the state indicated to the court that the discrepancy in the discovery answer had just been made known to himself prior to trial. Therefore, it appears that the state complied with its continuing duty to disclose under La.C.Cr.P. Art. 729.3.
The real issue in this assignment of error is what prejudice, if any, the discrepancy in the discovery answer caused. Defense counsel contended that the amendment precluded him from using his planned defense of misidentification. In reality it did not prevent defendant from using the defense, it just made that particular defense unnecessary.
Defense counsel next contends that the discovery amendment prejudiced him because it forced him to change his defense to entrapment. Further, defense counsel contends that the discrepancy lulled him into a misapprehension of the state's case. As previously stated, where the defendant has been lulled into a misapprehension of the strength of the state's case by the failure to fully disclose, such a prejudice may constitute reversible error. State v. Strickland, supra; State v. Hatter, supra; State v. Boothe, 310 So.2d 826 (La.1975).
The record does not indicate that the erroneous answer regarding an oral statement made by defendant at the Bleacher Lounge on the night of the subject transaction was made with any intent to mislead defendant. The prosecuting attorney explained to the court that he had misinterpreted the police report in preparing the discovery answer and did not learn of the error until just before trial began, when it was called to his attention by the officer who was present to testify. The officer had actually made the contact at the Bleachers Lounge with defendant's brother who referred him to defendant.
It is difficult to see how defendant's counsel could have relied on this apparent mistake as a sufficient defense to render it unnecessary to prepare to defend against the state's evidence of a direct sale made by defendant to the undercover agent on this same night. Under the circumstances, counsel for defendant could not have been lulled into a misapprehension of the state's case. There is no merit to these assignments of error.
ASSIGNMENT NO. 5:
The defendant asserts that he was denied his constitutional right to confront and cross-examine on the basis that the trial court sustained a state's objection to a question by defense counsel directed at Officer James Kees of the Metro Narcotics Unit. Defense counsel asked Officer Kees if his confidential informant's name was Kevin Newell. The state argued that the testimony was objectionable in that there was no showing that the confidential informant directly participated in the crime. The trial court sustained the state's objection.
The Sixth Amendment to the U.S. Constitution guarantees the right of an accused *1367 in a criminal prosecution to be confronted with the witnesses against him. This right is secured for defendants in state as well as federal criminal proceedings through the Fourteenth Amendment to the U.S. Constitution. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The Confrontation Clause of the Louisiana Constitution directly affords each accused the right to confront and cross-examine the witnesses against him. La. Const.1974, Art. 1, § 16.
In State v. Vaughn, 448 So.2d 1260 (La. 1983) the Louisiana Supreme Court found that confrontation means more than being allowed to physically confront the witnesses. More specifically, the court stated that our state constitution expressly guarantees a defendant the right to cross-examine adverse witnesses. The U.S. Supreme Court cases construing the Confrontation Clause held that a primary interest secured by it is the right of cross-examination. Davis v. Alaska, 415 U.S. 308, 315, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974).
The privilege of withholding the identity of an informer who supplies information to law enforcement officers concerning crime is founded on public policy and seeks to advance the public interests and effective law enforcement. Roviaro v. U.S., 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); State v. Weems, 358 So.2d 285 (La.1978). The Louisiana Supreme Court has consistently held that a confidential informant's identity will be revealed only in exceptional circumstances, and that the defense must demonstrate these exceptional circumstances. State v. Weems, supra; State v. Williams, 347 So.2d 184 (La.1977); State v. De la Beckwith, 344 So.2d 360 (La.1977); State v. Robinson, 342 So.2d 183 (La.1977); State v. Russell, 334 So.2d 398 (La.1976). The general rule is that the burden is upon the defendant to demonstrate exceptional circumstances and much discretion is vested in the trial judge on the question of whether the circumstances warrant disclosure. State v. Weems, supra; State v. Robinson, supra; State v. Russell, supra.
The defendant argues that when the defense of entrapment was advanced, the defendant had an absolute right to cross-examine his accuser. In State v. Dick, 362 So.2d 547 (La.1978), the Louisiana Supreme Court found that the confidential informant's privilege granted to the government is not absolute, but rather is limited by its underlying purpose. Thus, the court found that once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable. The court noted that the record in Dick clearly established that the identity of the informer was known to defense counsel and the fact had been disclosed to him by the informer himself. Hence, the state's privilege in withholding from disclosure the identity of the informer ceased to exist.
In State v. Bonanno, 373 So.2d 1284 (La.1979), defense counsel sought to cross-examine an agent of the Drug Enforcement Agency concerning the identity of an informant. The trial court allowed the agent to assert the informant's privilege. In support of their position, the defendants relied on the case of State v. Dick, supra, and argued that the privilege was not applicable once the identity of the informant is known as it was in Bonanno. The court in Bonanno found that technically, the defense was correct, but the curtailment of cross-examination of the agent did not prejudice the defendants. Specifically, the court noted that defense counsel was allowed to explore the character of the informant and the relationship between the informant and the DEA. He was also allowed to cross-examine the agent concerning a $1,000 reward paid to the confidential informant for his information.
The record in the present case indicates that defense counsel was allowed to cross-examine Officer Kees about the informant's possible participation in the crime including where the confidential informant stood, what he touched, what he said, and what the officer had told the confidential informant prior to the offense. Defense counsel also cross-examined Sgt. Don *1368 McClanahan as to whether he knew Kevin Newell. Defense counsel extensively cross-examined Officer McClanahan concerning the use of confidential informants in narcotics investigations.
The ruling of the trial judge as to the scope and extent of cross-examination should not be disturbed in the absence of an abuse of discretion. State v. Coleman, 406 So.2d 563 (La.1981); State v. Eaker, 380 So.2d 19 (La.1980). While La.R.S. 15:280 provides that a witness may be cross-examined upon the whole case, La. R.S. 15:275 vests the trial judge with the sound discretion to stop the prolonged, unnecessary and irrelevant examination of a witness, whether such examination be direct or cross, and even though no objection be urged by counsel.
We find that the state did have a right to assert the confidential informant's privilege. If defense counsel actually knew who the confidential informant was, he could have subpoenaed the witness for trial. However, it appears that defense counsel failed to do so. Further, defense counsel was allowed to cross-examine the witnesses concerning all aspects of the crime except the confidential informant's name. Therefore the name of the confidential informant was irrelevant. Additionally, there has been no showing of abuse of discretion by the trial judge in limiting the scope of examination. There is no merit to this assignment of error.
ASSIGNMENTS OF ERROR NOs. 6 and 7:
The defendant contends that the trial judge erred in refusing to give special jury instructions requested by him concerning entrapment.
A defendant has the right before argument to submit to the court special written charges for the jury. A requested special charge need not be given if it is included in the general charge. La.C.Cr.P. Art. 807; State v. Feeback, 414 So.2d 1229 (La.1982); State v. Artis, 391 So.2d 847 (La.1980). Article 807 provides:
The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.
A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.
In the instant case, the defendant did not designate that portion of the record concerning the jury charges which were given by the court. In its brief the state quotes that portion of the record not designated by the defendant which the state asserts is the jury instructions given by the trial court on entrapment. Defense counsel argues in his supplemental brief that the state may not argue the adequacy of the jury instructions given by the trial court when defense counsel did not designate that portion of the record. Therefore, it is apparently clear that defense counsel purposefully excluded a portion of the record which is critical for this court's review.
La.C.Cr.P. Art. 914.1 states that the party making the motion for appeal shall request that portion of the proceedings necessary for a review in light of the assignments of error to be urged. La.C.Cr.P. Art. 914.1 states as follows, in pertinent part:
A. The party making the motion for appeal shall, at the time the motion is made, request the transcript of that portion of the proceedings necessary, in light of the assignment of errors to be urged. Not later than five days after the motion, the opposing party may designate in writing the transcript of that portion or portions of the proceedings necessary to oppose the appeal.
In State v. Augustine, 215 So.2d 634 (La. 1968), the Supreme Court held that only *1369 that which is in the record may be reviewed, and it is the obligation of the appellant to bring his appeal property before the court. In State v. LeBlanc, 367 So.2d 335 (La.1979), the Supreme Court found that the failure to make contemporaneous objections and to designate parts of the record for appellate review may procedurally bar the right of judicial review. In the present case, the minutes reflect that the defendant did make a contemporaneous objection, but the defendant failed to designate that portion of the record necessary for review. In State v. Oubichon, 422 So.2d 1140 (La. 1982), the Supreme Court held again that only that which is in the record may be reviewed by the court, citing State v. Augustine, supra.
Art. 1, § 19 of the Louisiana Constitution of 1974, grants the right of judicial review based upon a complete record whenever a person is subject to imprisonment for forfeiture of rights of property. State v. LeBlanc, supra. The Supreme Court in LeBlanc found that Art. 1, § 19 of the constitution does not require that the record be transcribed in all cases, but a record must be available to one who might choose to take advantage of his right of review. The court in LeBlanc concluded that if the defendant makes a knowing and intelligent waiver of the right, the record need not be transcribed.
A review of the defendant's designation of record and his argument contained in his supplemental brief demonstrates a knowing and intelligent waiver of a designation of that portion of the record containing the trial court's jury instructions.
It has been previously established that in order for this court to determine whether the trial court erroneously denied the defendant's request for special jury instructions under C.Cr.P. Art. 807, that this court must have the jury instructions which were actually presented. La.C.Cr.P. Art. 807 specifically states that a requested special charge may not be given if it is included in the general charge. Therefore, without a record of the general charge, this assignment of error has not been perfected for review by the defendant.
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.