507 So.2d 283 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
James DOUGET, Defendant-Appellant.
No. CR 86-1049.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1987.
Rehearing Denied June 10, 1987.
*285 Preston N. Aucoin, Ville Platte, for defendant-appellant.
J. William Pucheu, Dist. Atty., Richard Vidrine, Asst. Dist. Atty., Ville Platte, for plaintiff-appellee.
Before DOMENGEAUX, C.J., and DOUCET and KING, JJ.
DOUCET, Judge.
On July 9, 1985, defendant was charged by grand jury indictment, with negligent homicide in violation of La.R.S. 14:32. After a jury trial held on April 22-24, 1986, defendant was found guilty as charged and on September 19, 1986 was sentenced to serve five years in prison with the benefit of parole. Defendant now appeals on the basis of nine assignments of error.
The facts show that on July 8, 1984, defendant returned home after playing cards at approximately 1:30 A.M. when defendant contends that because he did not have his key, he knocked on the door for his wife (Mary Lou Ezetta Granger Douget) to let him in. Defendant's wife opened the door for him and was wearing a blonde wig and a blue negligee, both articles of which defendant had never seen before. Defendant contends that he entered the house and sat in his recliner in order to take off his socks and shoes. To defendant's surprise, Mrs. Granger silently approached him with a pistol in her hand, aimed at him and pulled the trigger twice. The gun did not go off and defendant merely heard it click twice. Mrs. Douget then stated, "I shot you, now you shoot me." At first defendant refused, but after coaxing from his wife, he pulled the trigger, thinking the gun was not loaded, and it fired and killed her. George McCormick, the forensic pathologist, testified that Mrs. Douget died from swelling of the brain following a single gunshot wound to the forehead.

ASSIGNMENTS OF ERROR

ASSIGNMENT OF ERROR NO. 1:
Defendant, in his first assignment of error, contends that the trial court erred in not suppressing certain physical evidence (.22 caliber pistol, cartridge, photographs, wig, nightgown, etc.) which evidence came by virtue of an unconstitutional search and/or seizure in violation of the defendant's constitutional rights (i.e., the fruits of the poisonous tree), and which illegal evidence was used by the state at the trial against him, all to his prejudice. We disagree.
The fourth amendment to the United States Constitution protects persons from unreasonable searches and seizures. Except in certain, narrowly defined classes of cases, a search of private property without *286 proper consent is "unreasonable" unless it has been authorized by a valid search warrant. Camera v. Municipal Court, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967); State v. Ludwig, 423 So.2d 1073 (La.1982).
There are some carefully defined exceptions to the warrant requirement recognized throughout the United States. Mincey v. Arizona, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978). Exceptions occur when there are exigent circumstances or where the party consents to a search or seizure.
In the case where exigent circumstances, or consent, justify a police officer in being at the scene of the crime, he can seize items, within "plain view", that he inadvertently discovers, and which is immediately apparent evidence or contraband. State v. Hernandez, 410 So.2d 1381 (La. 1981).
To fit within the plain view exception to the warrant requirement, three things are necessary: 1) there must be prior justification for the public intrusion into the protected area; 2) the evidence must be discovered inadvertently; and 3) it must be immediately apparent, without close inspection, that the items are evidence or contraband. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Fearn, 345 So.2d 468 (La.1977).
In the instant situation, the police were justified in being in defendant's living room. Defendant called the Ville Platte Police Department and the Sheriff's Office, stated that his wife had been shot, and requested assistance. When the officers arrived, defendant invited them into their home. Thus, defendant consented to their entry. Even had defendant's consent not been free and voluntary, exigent circumstances justified the presence of the officers in defendant's home. The officers were aware of the fact that there was a gunshot victim in defendant's home and that the victim needed assistance. Thus, the entrance was justified.
Once inside, Deputy Carlton Jack noticed a pistol next to the head of the victim. Also in plain view were photographs of the victim, defendant, and their daughters. Additionally, a blonde wig and blue negligee were on the victim's person and were therefore in the plain view of the officers. These items were inadvertently discovered by the officers and were clearly evidence. All of the items, with the exception of the wig and negligee, were seized from defendant's home. These items were properly seized under the plain view doctrine. The wig and negligee were seized from the hospital. We find that the wig and negligee were properly seized. Since these items would have been seizable in the home under plain view, they were seizable thereafter from the hospital.
In short, even though the officers did not have a search warrant, they were justified in entering defendant's home because he consented to their being there and because of the exigent circumstances surrounding the incident. Once inside, all of the challenged items were in plain view and it was readily apparent to the officers that these items were evidence. Thus, we find that all of the challenged items were properly admitted into evidence. Accordingly, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2:
In defendant's second assignment of error, he contends that the trial court erred in not suppressing certain inculpatory statements made by defendant, and permitting some or one of them to be used at the trial against him, said statements having been illegally and unconstitutionally obtained, all to his prejudice. The above assignment of error was not briefed by defendant. Assignments of error which are not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).

ASSIGNMENT OF ERROR NO. 3:
In assignment of error number three, defendant contends that the trial court erred in curtailing defense counsel's examination of the prospective jurors, and in not permitting him to adequately question said prospective jurors to sufficiently determine *287 their impartiality vel non, all in violation of La.C.Cr.P. art. 797(2). Specifically, defendant contends that the trial court erred in not allowing him to ask all of the prospective jurors, "Is it your belief that a reasonably careful man ... would never pull the trigger of a gun pointed in the direction of someone who has not attacked him or her, although he or she has been led to sincerely believe the gun was empty?" The trial judge disallowed the question stating that it was an attempt to elicit a legal conclusion before all of the evidence was in.
In Louisiana, a defendant is guaranteed the right to a voir dire examination under our constitution. La. Const. art. I § 17 (1974) is a constitutional provision which guarantees the right to a "full voir dire examination of prospective jurors." Whether a particular question is essential to a full voir dire examination is within the sound discretion of the trial court. La.C. Cr.P. art. 786; State v. Parker, 416 So.2d 545 (La.1982). The rulings of the trial judge will not be disturbed absent a clear misuse of discretion. State v. James, 431 So.2d 399 (La.1983), cert. denied James v. Louisiana, 464 U.S. 908, 104 S.Ct. 263, 78 L.Ed.2d 247 reh. denied, 464 U.S. 1005, 104 S.Ct. 520, 78 L.Ed.2d 705 (1984).
The right to a full voir dire examination has a constitutional basis, and the trial court is required to temper the exercise of any limitation on the scope of any voir dire examination by giving wide latitude to the defendant in his examination of prospective jurors in order to allow the defendant the opportunity to test prospective jurors' competence and impartiality. State v. James, supra; State v. Pettaway, 450 So.2d 1345 (La.App. 2nd Cir.1984), writ denied 456 So.2d 171 (La.1984).
In State v. Perry, 420 So.2d 139 (La. 1982), the Louisiana Supreme Court recognized that the purpose of voir dire was to determine competency, impartiality, and disclose bases for cause challenges, and information for the intelligent exercise of peremptory challenges.
During voir dire in State v. Parker, supra, the defendant attempted to elicit an opinion on facts, in advance of their being offered into evidence. The trial judge refused to allow the question to be answered, and the Louisiana Supreme Court upheld the ruling stating,
"Voir dire examination is designed to test the competency and impartiality of prospective jurors and may not serve to pry into their opinions concerning evidence to be offered at trial."
Further,
"It is well established that the scope of the voir dire examination is within the sound discretion of the trial judge and his rulings thereon will not be disturbed in the absence of a clear abuse of discretion." (See State v. Murray, 375 So.2d 80 [La.1979]).
Our case is factually similar to Parker, supra. Our trial judge did not abuse his discretion in refusing to allow a question on voir dire directed to jurors concerning their opinion on a crucial question of fact, before any evidence on this was admitted. Thus, we find that the above assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 4:
In assignment of error number four, defendant contends that the "Trial court erred in refusing to give the jury defendant's requested jury charges numbered 1-15, or some or one of them, said requested charges not requiring qualification, limitation or explanation, and being entirely correct and pertinent and were (was) not included in the general charges or in another special charge, in violation of Louisiana Law, particularly C.Cr.P. art. 807, all to defendant's prejudice."
Defendant's jury charges 1, 3, 4, 5, 9, 11 and 12 define criminal negligence as a gross deviation beyond the standard of care expected of a reasonable person, and state that in order to convict the defendant of negligent homicide the prosecution must prove, beyond a reasonable doubt, that the defendant was guilty of criminal negligence. Jury charge 7 discusses gross deviation from standard of care and defines "gross" from the Black's Legal Dictionary. Jury charges 6 and 8 are general and just *288 state that the jury should consider all circumstances in reaching a decision. Jury charges 2 and 10 state that if the jury finds the gun was empty he is not guilty of a gross deviation of care, and not guilty of criminal negligence. Charges 13, 14 and 15 state that it is not a crime to pull a trigger, and a person can be killed by being shot by another without any crime having been committed.
"La.C.Cr.P. art. 807 states:
The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.
A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given."
As to jury instructions 1, 3, 4, 5, 9, 11 and 12, the trial judge stated that in a negligent homicide case, criminal negligence was an essential element required to prove guilt. The judge read the definitions of criminal negligence, which requires no intent, and requires a gross deviation below the standard of care expected of a reasonable person. The trial judge defined gross deviation of care. The trial judge also made it clear that the prosecution had the burden of proof, and must meet its burden establishing the defendant's guilt beyond a reasonable doubt.
When the substance of the requested charge is included in the general charge given by the trial judge, it is proper for the judge to refuse to give the requested charge. State v. Donahue, 408 So.2d 1262 (La.1982); State v. Garrison, 400 So.2d 874 (La.1981); State v. Booth, 448 So.2d 1363 (La.App. 2nd Cir.1984). The jury charges concerning negligent homicide, criminal intent and gross deviation from the standard of care, were covered in the general instructions. Similarly, the trial court's instructions covering burden of proof, which La.C.Cr.P. art. 804 requires be given to the jury, were adequately covered in the trial judge's general instructions. See State v. Square, 433 So.2d 104 (La.1983). Thus, the trial judge did not err in refusing to give requested jury instructions 1, 3, 4, 5, 9, 11 and 12.
Defendant's requested jury charge 7 deals with the definition of "gross". The defendant wanted the Black's Legal Dictionary definition given to the jury. The trial judge did define gross deviation. Under Donahue, supra, and Garrison, supra, the trial judge was not required to give this instruction because it was adequately covered in the general instructions.
Defendant requested jury charges 6 and 8 are not required for the same reasons as stated for charges 1, 3, 4, 5, 9, 11 and 12.
Defendant's requested jury charges 2 and 10 seek to force on the jury the defense's interpretation of the ultimate question of fact. That is, if you find defendant believed the gun to be empty, then you must determine that the defendant did not act in a manner grossly deviating from the standard of care expected of an ordinary reasonable man. This charge is not wholly correct. Even if defendant believed that the gun was empty, his actions still might be a gross deviation below the standard of care, and this is a question of fact for the jury to determine. Because defendant's requested jury charges 2 and 10 are not wholly correct there is no error in the trial judge's refusal to give them. State v. Nuccio, 454 So.2d 93 (La.1984).
Defendant's requested jury charges 13, 14 and 15 are confusing and require further explanation. Specifically, when can a person be shot and killed by another and no crime occur? Under La.C. Cr.P. art. 807, the trial judge did not err in refusing to give these charges.
Accordingly, for the above reasons, this assignment is without merit.

*289 ASSIGNMENT OF ERROR NO. 5:
In assignment of error number five, defendant contends that the trial court erred in charging the jury with the definition of criminal intent as defined in La.R.S. 14:11 since intent was not an element of the crime defendant was charged with herein, and this charge by the trial judge tended to and did in fact, confuse the jury, all to defendant's prejudice.
We recognize that criminal intent was not a required element of the crime charged and that the trial judge did define criminal intent in his general jury instructions, however, any error in giving this instruction was rectified through the trial judge's reading of La.R.S. 14:12, which states that "Criminal negligence exists when, although neither specific or general criminal intent is present there is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances." Additionally, the trial judge later stated that in order to convict defendant, it must be found that defendant killed Mary Lou Ezetta Granger Douget and that the killing was a result of defendant's criminal negligence.
The instructions given in the instant case, taken as a whole, were not erroneous; the overall general instructions were clear. When the instruction given is not erroneous, in view of the context of the overall charge, no error occurs. State v. Perry, 408 So.2d 1358 (La.1982); State v. Motton, 395 So.2d 1337 (La.1981), cert. denied 454 U.S. 850, 102 S.Ct. 289, 70 L.Ed.2d 139 (1981). This assignment of error thus lacks merit.

ASSIGNMENT OF ERROR NO. 6:
In assignment of error number six, defendant contends that the trial court erred in denying a mistrial upon defendant's proper motion therefor, since the statement went beyond the scope of its closing argument by the Assistant District Attorney arguing to the jury that maybe the defendant, did indeed want to kill his wife, a crime he was not charged with and tried for, remarks which were inflamatory, prejudicial, unlawful and illegal, contrary to Louisiana law, and to defendant's prejudice. Specifically, defendant argues that the trial court should have granted a mistrial under La.C.Cr.P. art. 770(2) because the prosecution brought out other crimes for which defendant was not charged, and under La.C.Cr.P. art. 774, because the prosecutor went beyond the evidence adduced at trial during closing.
La.C.Cr.P. art. 770(2) states:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
(3) The failure of the defendant to testify in his own defense;
(4) The refusal of the judge to direct a verdict.
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial."
The defendant requested a mistrial and preserved his right to now raise this question of other crimes, and remarks beyond the scope of the evidence.

OTHER CRIMES:
A mistrial is a drastic remedy and is warranted only when mandated, or when trial error results in substantial prejudice to the defendant depriving him of a fair trial. State v. Edwards, 420 So.2d 663 (La.1982); State v. Cushenberry, 407 So.2d 700 (La.1981).
In State v. Palmer, 447 So.2d 1159 (La. App. 3rd Cir.1984), the defendant complained that the prosecutor brought up other crimes. The defendant was charged *290 with attempted armed robbery and the prosecutor stated:
"So I have no doubt that an attempted armed robbery took place. I think maybe even a completed armed robbery; however that is not the charge, and you can't return that verdict. I wish you could, ..."
The defense there contended a mistrial was mandated by La.C.Cr.P. art. 770(2). The appellate court found a mistrial was not mandated because the remarks were based on facts the jury was aware of, and the prosecutor emphasized to the jury that the defendants were charged only with attempt. The court found that the prosecutor did not mention other crimes but merely was commenting on the strength of the state's case.
In State v. Nuccio, 454 So.2d 93 (La. 1984), the court stated when there is a tight intertwining of facts it is not impermissible to admit some reference to an allegation of another crime, which arises out of the same factual transaction as the one for which the defendant is being tried, but the reference must be relevant to some element of the case and cannot unduly prejudice the defendant.
Our case is similar to Parker, supra, and Nuccio, supra. Like Parker, our prosecutor was trying to impress on the jury the strength of his case. He argued that the defendant's conduct was so gross a deviation below the standard of care expected of a reasonable man that it went beyond criminal negligence, the crime charged. However, there was no doubt that the crime charged was negligent homicide. Like Nuccio, the actions of our defendant were carefully and factually scrutinized, and references that the defendant might be guilty of a greater crime occurring in the course of the same transaction were permissible. Defendant showed no prejudice.
In State v. Odds, 430 So.2d 1269 (La. App.1983), the court stated that the reason other crimes evidence is excluded is to ensure that the defendant is not presumed guilty now because of past offenses.
The reason for granting a mistrial stated in Odds, supra, is not present in the instant case. In our case the defendant has no past crimes, all allegations arise out of a single occurrence, the death of his wife. There is but one question: did the defendant's actions amount to gross negligence?

BEYOND THE SCOPE:
The defense also argues that the prosecution went beyond the scope of the evidence adduced at trial in raising the question of intent. The defendant argues therefore, that a mistrial is warranted under La.C.Cr.P. art. 774.
Before a case will be reversed on grounds of improper argument, the court must be convinced that the remarks influenced the jury and contributed to the verdict. State v. Dryer, 449 So.2d 620 (La. App. 1st Cir.1984); State v. Williams, 447 So.2d 495 (La.App. 3rd Cir.1984), writ denied 450 So.2d 969 (La.1984).
In State v. Prestridge, 399 So.2d 564 (La.1981), the court found that the prosecutorial comment made during final arguments, that the medical witness for defendant had knocked the parish coroner before, where there was no evidence that such witness had done so was improper, but not the type which would clearly influence the jury to the defendant's prejudice. See State v. Bretz, 394 So.2d 245 (La.1981), cert. denied 454 U.S. 820, 102 S.Ct. 102, 70 L.Ed.2d 91 (1981).
After carefully reviewing the record we find that any error in this case in allowing remarks regarding intent, if outside the scope of the evidence adduced at trial, did not clearly influence the jury to the defendant's prejudice.

ASSIGNMENT OF ERROR NO. 7:
In assignment of error number seven, defendant contends that exceptions were taken to all of the above errors committed by the court and all show prejudicial error. This assignment of error simply raises the allegation that all errors committed and brought out in assignments of error 1 through 6 and 8 and 9 are prejudicial. This *291 assignment argues nothing by itself, thus, it requires no analysis.

ASSIGNMENT OF ERROR NO. 8:
In assignment of error number eight, defendant contends that the trial court erred in not ruling that the verdict was contrary to the law and the evidence, and to defendant's prejudice. Specifically, defendant argues that the evidence admitted was insufficient to support a conviction.
In reviewing a conviction for sufficiency, the proper standard is set forth in Jackson v. Virginia, 343 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under Jackson, the test is whether any rational factfinder, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the offense proven beyond a reasonable doubt.
The crime of negligent homicide has only two elements: 1) The killing of a human being, and 2) such killing by criminal negligence.
George M. McCormick, the forensic pathologist, testified that the victim died from swelling of the brain following a single gunshot wound to the forehead. Dispatcher Mary Patricia Ardoin, with the Ville Platte Police Department, testified that the defendant told her he killed his wife. Deputy Judy Fuselier, who works for the Sheriff's Department, testified that the defendant called her and stated that he shot his wife.
From the above testimony, any rational trier of fact, viewing the evidence in a light most favorable to the prosecution, would find that the fact that the defendant killed the victim was proven beyond a reasonable doubt.
Similarly, there is ample evidence to support the jury's finding that the defendant was criminally negligent. The defendant pointed a pistol, which he alleges he had never seen before, at his wife's head and squeezed the trigger. A rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could find the defendant criminally negligent in his actions, beyond a reasonable doubt. Thus, we find that this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 9:
In defendant's final assignment of error, he contends that the ends of justice would have been best served by granting of a new trial by the trial court, although the defendant may not have been entitled to one as a matter of strict legal right. This assignment of error was not briefed. Assignments of error which are not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).
Accordingly, for the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
DOMENGEAUX, C.J., concurs.