SCHOTT, Judge.
Defendant was convicted of two counts of armed robbery (R.S. 14:64) and sentenced to ten years at hard labor on each count. On March 18, 1985 at about 8:30 p.m. Sean Bonakies and Byron Goins were walking along a sidewalk when they were accosted by the defendant. He put a gun to Bonakies’ head and demanded and took his money; next he pointed the gun at Goins and demanded and took his money. Bonakies knew the defendant from school. He reported the crime to the police after running home and they arrested defendant on March 21.
An examination of the record for errors patent reveals none.
ASSIGNMENT OF ERROR 1
When Sean was on the stand he testified that the defendant’s mother and sister came to his house and offered him and his mother money if Sean would not testify against defendant. When Mrs. Bonakies took the stand the prosecutor asked her if she had a conversation with Mrs. Moore-head a few days after defendant was arrested and she responded as follows:
When the lady came to my house I told her I had nothing to say to her, that anything that would be said would have to be said to either the district attorney or a lawyer. I told her my child could be dead because her son had robbed my child and held a gun to his head. She, in turn told me it was only a BB gun and I told her that I didn’t care.
To this testimony defense counsel objected and moved for a mistrial. The trial judge denied the motion but instructed the jury to disregard the testimony.
Defendant’s mother testified and denied making the statement to Mrs. Bonakies and defendant himself testified and denied making a statement about a BB gun to his mother.
By this assignment defendant first argues that this “improperly introduced testimony was not harmless error.” The statement does not appear to have been solicited by the prosecutor but was gratuitous. The judge repaired the damage by instructing the jury to disregard the testimony. The admonition was sufficient to assure the defendant a fair trial and the *107 mistrial was properly denied. See C.Cr.P. art. 771. This conclusion is supported by State v. McMahon, 391 So.2d 1120 (La.1980) which dealt with a situation much like ours.
Next under this assignment defendant contends that the BB gun statement was an inculpatory statement which the state was required by C.Cr.P. art. 768 to disclose to him prior to trial. Since the statement seemed to be unsolicited and since there is no indication that the state knew of the inculpatory statement before trial, there was no violation of art. 768. However, even if the state had violated the article in this respect, the remaining evidence of defendant’s guilt was so overwhelming that the error was harmless. State v. Jackson, 450 So.2d 621 (La.1984).
ASSIGNMENT OF ERROR 2
Defendant contends that the trial court committed reversible error by allowing testimony that defendant’s mother and sister tried to bribe the Bonakies family to drop the charges because no foundation was laid to connect the defendant with the attempt to influence the witnesses. The two victims positively identified the defendant and one of them knew him from school. Both the mother and sister of the defendant denied the bribery attempt. The jury would undoubtedly have found defendant guilty despite admission of this prejudicial evidence. Under the circumstances the error was harmless. State v. Williams, 497 So.2d 1376 (La.1986).
ASSIGNMENT OF ERROR 3
Defendant contends he was prejudiced by and the trial court committed reversible error in overruling his objections to two portions of the prosecutor’s closing argument. The first was:
“Leroy Moorehead took the stand. What was I going to ask him? Nothing. Because, anything that I ask him about this particular robbery, he was going to deny. He has been sitting here — you know that’s really a farce about this criminal justice system is every witness that’s called forward to testify against a person has got to stand outside.
But, a defendant can sit over there, listen to every bit of the testimony and then come up here and say: I wasn’t there, I was at the movie, my uncle said it and I was there too. If that’s — you want to talk about misleading, that misleading
and the second statement was:
"... We were truthful in our presentation, we didn’t try to hide nothing from you and I ask you to convict this individual because he perpetrated that armed robbery on March 18 as sure as I am standing here.”
Defendant argues that the first remarks were improper because they constituted an attack on the defendant’s constitutional right to confront his accusers and the second, because they contained the prosecutor’s personal opinion of the defendant’s guilt and the implication that he was aware of facts outside the record which supported his opinion.
C.Cr.P. art. 774 prescribes that the prosecutor’s arguments must be confined to the evidence, conclusions of fact therefrom, and applicable law. However, before reversal is warranted the court must be convinced that improper remarks influenced the jury and contributed to the verdict. State v. Douget, 507 So.2d 283 (La.App. 3rd Cir.), writ denied 513 So.2d 288 (La.1987). Considering the weight of the evidence against the defendant we are not convinced that these brief excerpts from the argument were of such significance to constitute reversible error.
Defendant contends that the second remarks warrant reversal based on State v. Hamilton, 356 So.2d 1360 (La.1978). That case is distinguishable. First, the argument there clearly implied that the prosecutor had information over and above the evidence which convinced him of the defendant’s guilt; whereas, here, the remarks immediately followed a statement by the prosecutor that the case should be decided strictly on the facts as presented by the witnesses. As in State v. Feet, 481 So.2d 667 (La.App. 1st Cir.1985) writ de *108 nied 484 So.2d 668 (La.1986), it was apparent that the prosecutor’s statement that the defendant committed the crime was based on the evidence presented and not on knowledge of facts outside the record. Furthermore, the opinion in Hamilton does not disclose the weight of the evidence but the court must have been thoroughly convinced that the rather extensive and pointed remarks there influenced the jury and contributed to the verdict. Here, the same conclusion cannot be reached.
ASSIGNMENT OF ERROR 4
Defendant contends that the trial court committed reversible error by failing to include first degree robbery among the responsive verdicts available to the jury in his trial for armed robbery. The trial court is obliged to charge the jury as to the availability of any responsive verdict, C.Cr. P. art. 803; and first degree robbery is a responsive verdict to armed robbery. Art. 814. However, the record does not disclose that defendant made a contemporaneous objection to this deficiency in the charges to the jury. Consequently, defendant may not raise this objection on appeal. C.Cr.P. art. 841. See State ex rel. Elaire v. Blockburn, 424 So.2d 246, 251 (La.1982).
We note that first degree robbery, R.S. 14:64.1, seems inapplicable to the facts of this case. The difference between armed robbery and first degree robbery is that the former contains the element that the perpetrator is armed with a dangerous weapon while the latter contains instead the element that the perpetrator leads the victim to reasonably believe he is armed with a dangerous weapon. In these cases both witnesses testified they saw the gun, it was pointed at them, and they both said, “I was scared for my life.” This testimony can only support armed robbery. The only function the responsive verdict could serve in such a case would be to provide the jury with the opportunity to prevent the imposition of the maximum sentence for armed robbery, but the defendant received ten years on each count which was well below the maximum for either armed robbery or first degree robbery.
The convictions and sentences are affirmed.
AFFIRMED.