532 So.2d 102 (1988)
STATE of Louisiana
v.
Joseph GOTRO.
No. 88-KK-1377.
Supreme Court of Louisiana.
October 14, 1988.
Rehearings Denied November 18, 1988.
Granted. These cases, consolidated for purposes of review, are remanded to the district court for further proceedings. If the state has disclosed the names of the undercover officers in response to other motions for discovery, documents revealing the same information shall not be withheld on grounds that "[r]ecords containing the identity of an undercover police officer or records which would tend to reveal the identity of an undercover police officer," are not subject to disclosure as public records. La.R.S. 44:3 A(5). Once the identity of the undercover officer has been revealed, the privilege of withholding that information no longer serves its underlying purpose. Cf., State v. Dick, 362 So.2d 547, 550 (La.1978). Accordingly, if there are initial reports by the investigating officers whose identity has now been revealed, the court shall order the state to provide those reports to the defendants. State v. Raggio, 508 So.2d 59 (La.1987); State v. McEwen, 504 So.2d 817 (La.1987); State v. Shropshire, 471 So.2d 707 (La.1985).
LEMMON, J., dissents and assigns reasons.
LEMMON, Justice, dissenting.
La.R.S. 44:3 A(4) provides that "the records of the arrest of a person" are an exception to the general rule of disclosure of public records. Excluded from this exception is the initial report of the officer investigating a complaint. The purpose of this exclusion is to make public the information obtained by the officer immediately following the complaint or discovery of a criminal act. Viewed in the light of that purpose, the legislative intent of the exclusion is not applicable to an undercover narcotics investigation of an ongoing series of related criminal acts. Therefore, the exclusion is inapplicable, and the exception of arrest records from the general rule of disclosure governs.