In re Gaines, Michael J.; Applying for Writs of Mandamus, Prohibition, Supervisory and/or Remedial Writs; Parish of Cal-casieu 14th Judicial District Court Div. “E” Number 5411-87; to the Court of Appeal, Third Circuit, Number KW87-1065.
Granted. These cases, consolidated for purposes of review, are remanded to the district court for further proceedings. If the state has disclosed the names of the undercover officers in response to other motions for discovery, documents revealing the same information shall not be withheld on grounds that “[rjecords containing the identity of an undercover police officer or records which would tend to reveal the identity of an undercover police officer,” are not subject to disclosure as public records. La.R.S. 44:3 A(5). Once the identity of the undercover officer has been revealed, the privilege of withholding that information no longer serves its underlying purpose. Cf., State v. Dick, 362 So.2d 547, 550 (La.1978). Accordingly, if there are initial reports by the investigating officers whose identity has now been revealed, the court shall order the state to provide those reports to the defendants. State v. Raggio, 508 So.2d 59 (La.1987); State v. McEwen, 504 So.2d 817 (La.1987); State v. Shropshire, 471 So.2d 707 (La.1985).
LEMMON, J., dissents for the reasons assigned in State v. Gotro, 532 So.2d 102 (La.1988).