THOMAS F. DALEY, Judge.
The defendant, Leo Addison, has appealed his conviction of distribution of marijuana. For the reasons that follow, we vacate the defendant’s conviction and remand for a new trial.
FACTS:
Leo Addison was charged with distribution of marijuana after he was identified as the person who sold marijuana to Agent Kim Blanche on November 30, 2000. At trial, Sergeant Joe Williams testified that he received information from a “concerned citizen” that a black male named Leo Addison would be willing to sell one-fourth of a pound of marijuana.[1] At approximately *1148 2:00 p.m. on November 30, 2000, Agent Blanche went to a convenience store located at Highway 90 and Glendella Drive in Avondale. Sergeant Williams and Agent Lisa Thornton were members of the surveillance team for the operation. Agent Blanche testified that she was provided with $400.00 of U.S. currency earlier in the day. | ^According to Agent Blanche, she was alone in her vehicle, when a black male, whom she later identified as defendant, approached her car. She asked the man if he had one quarter pound of “weed.” Agent Blanche testified that she could not recall what the man said to her, but she testified that she gave him $400.00 in exchange for a white paper bag that contained marijuana within a plastic bag.
After the transaction, Agent Blanche met Agent Lisa Thornton at a pre-ar-ranged location and gave her the substance she purchased. This substance field-tested positive for marijuana. It was then brought to the crime lab where further testing was positive for marijuana and the weight was calculated to be 195.44 grams.
Agent Blanche testified that she recognized Addison because she had played with his siblings as a child. Agent Blanche testified that she told Sergeant Williams that she recognized the defendant, but she did not tell Agent Thornton. Rather, she provided a physical description of the defendant to Agent Thornton, who compiled a photographic lineup containing photographs of defendant and five others. Agent Blanche viewed the lineup on December 1, 2000, and positively identified defendant as the person who sold the marijuana to her.
At the conclusion of trial, the jury found Addison guilty as charged. After his Motion for New Trial was denied, he was sentenced to 20 years imprisonment. After pleading guilty to being a second felony offender, the original sentence was vacated and he was resentenced to 20 years. This timely appeal followed.

ASSIGNMENTS OF ERROR:

On appeal, Addison asserts that his right to present a defense was abridged because the trial judge granted the State’s Motion in Limine, which prohibited him from presenting testimony from Lawrence Kennedy, whom defendant contends was the confidential informant. Specifically, Addison asserts that he was Lprejudiced because Kennedy, who was willing to testify at trial, witnessed the drug transaction and would have been in the position to testify that defendant was not the seller. The State responds that the trial court properly granted the Motion in Limine because defendant was not entitled to know the confidential informant’s identity.
The record indicates that on March 24, 2003, the defendant petitioned the trial court to order a “Writ of Habeas Corpus Ad Testificandum” for Lawrence Kennedy, who was confined in the Hunt Correctional Center, and the trial judge granted the order. On March 26, 2004, the trial court held a hearing on the State’s Motion in Limine. At the hearing, the prosecutor urged the trial court to “exclude any testimony, evidence, documents or records concerning the identity of any confidential informant that may be used in this case[.]” The prosecutor would not confirm or deny whether Lawrence Kennedy was the confidential informant. However, the defense attorney responded that he believed Kennedy was the confidential informant and stated that Kennedy had agreed to testify on behalf of the defense.
LSA-C.E. art. 514 provides for a privilege when individuals furnish information to assist in an investigation for a potential violation of criminal law. At the hearing on the Motion in Limine in ’ the present case, the prosecutor asserted that the *1149 State’s motion was based on LSA-C.E. art. 514, which provides as follows:
Art. 514. Identity of informer
A. General rule of privilege. The United States, a state, or subdivision thereof has a privilege to refuse to disclose, and to protect another from required disclosure of, the identity of a person who has furnished information in order to assist in an investigation of a possible violation of a criminal law.
B. Who may claim the privilege. The privilege may be claimed by the prosecuting authority or an appropriate representative of the public entity to which the information was furnished.
C. Inapplicability of privilege. No privilege shall be recognized if:
| K(l) The informer appears as a witness for the government and testifies with respect to matters previously disclosed in confidence.
(2) The identity of the informer has been disclosed to those who have cause to resent the communication by either the informer or the prosecution, or in a civil case, a person with authority to claim the privilege.
(3) The party seeking to overcome the privilege clearly demonstrates that the interest of the government in preventing disclosure is substantially outweighed by exceptional circumstances such that the informer’s testimony is essential to the preparation of the defense or to a fair determination on the issue of guilt or innocence.
(4) In a criminal case, the prosecution objects.
D. Order to disclose identity. If the court orders disclosure of the identity of an informer and the prosecution opposes the disclosure, the court:
(1) In a criminal case, shall enter one of the following orders exclusively:
(a) An order suppressing the evidence concerning which the identity of the informer has been ordered.
(b) An order declaring a mistrial.
(2) In a civil case, may make any order justice requires.
(Emphasis as found in the original.)
Defendant argued at the hearing on the Motion in Limine that the informant would have been able to contradict Agent Blanche’s trial testimony because the police report conflicted with Agent Blanche’s suppression hearing testimony. The police report is not contained in the record or the exhibits submitted with this appeal. However, at the hearing, the defense attorney read portions of the police report into the record stating that just prior to the transaction, the informant was seen speaking to the Negro male that Agent Blanche purchased the marijuana from.
By granting the State’s Motion in Li-mine, the trial judge essentially concluded that the informant’s identity was privileged. Thus, the threshold issue presented to this Court is whether the trial judge’s conclusion was correct.
In Roviaro v. United States, 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957), the United States Supreme Court noted that what is usually referred to as the informer’s privilege is actually the prosecution’s privilege to withhold from disclosure the identity of persons who furnish information of violations of law to law enforcement officers. This privilege is founded upon public policy and seeks to further and protect the public interest and law enforcement by encouraging citizens to supply information to the police by preserving their anonymity. Roviaro, 353 U.S. at 60, 77 S.Ct. at 627. However, the Roviaro court recognized that the privi *1150 lege no longer applies once the identity of the informer “has been disclosed to those who would have cause to resent the communication.” Id.
In State v. Dick, 362 So.2d 547 (La. 1978)[2], the Louisiana Supreme Court concluded that the informer’s privilege was inapplicable because the informant had disclosed his identity to defense counsel. In that case, the affidavit supporting the search warrant recited that a reliable informant had seen a substance that he believed to be marijuana in the defendant’s motel room. The affidavit stated that a sample of the material was given to the affiants which, when tested, proved to be marijuana. When the warrant was executed, the officers seized marijuana and items for rolling and distributing the substance. Id. at 548.
The defendant in State v. Dick filed a Motion to Suppress on the basis that the affidavit contained untrue allegations about the reliability of the informant and that the information furnished by the informant had been unlawfully obtained. At the' hearing, defense counsel questioned one of the officers as to whether David Arcemont, the owner of the motel, was the informant. The trial court sustained the State’s objection to this question, along with other questions in a similar vein, on the basis that the disclosure of the informant’s identity was not warranted. Thereafter, the defense called David Ar-cemont to the stand, who testified that he |7was the informant in the case, but denied that he had entered the defendant’s room. The trial judge, however, sustained the State’s objection to the entire line of inquiry regarding Arcemont’s status as the informer. Additionally, defense counsel testified under oath that Arcemont admitted he was the informant in the case. Id. at 549.
The Louisiana Supreme Court concluded that the State’s privilege in withholding the informant’s identity from disclosure was inapplicable because the record clearly established that the defense knew the informant’s identity. As such, the Louisiana Supreme Court held that the trial judge improperly curtailed defense counsel’s examination of the police officers and the informer. Id. at 549-550.
As in Dick, we find that the record establishes that the defense knew the identity of the confidential informant. Since the record is clear that the defense knew the identity of the informant, the prosecution had no privilege to protect the identity of the informant. Additionally, Comment (d) of Code of Evidence article 514 states that “... the language employed in Paragraph A means that if the informer-witness is willing to identify himself the prosecution may not unilaterally prevent it by its objection.”
Based on Dick and Comment (d), we find the trial court erred in granting the State’s Motion in Limine, prohibiting the defense from calling Lawrence Kennedy as a witness. The defendant’s right to present a defense and call witnesses in his behalf is granted by the Sixth Amendment of the United States Constitution and Article I Section 16 of the Louisiana Constitution. The trial court’s preclusion of Lawrence Kennedy’s testimony was an abuse of discretion that resulted in prejudice to the defendant’s fundamental right to present a defense. Accordingly, we must vacate defendant’s conviction and sentence and remand this matter to the trial court for a new trial.
^CONCLUSION: .
For the foregoing reasons, the defendant’s conviction is vacated. This matter *1151 is remanded to the trial court for a new trial.[3]

CONVICTION VACATED; MATTER REMANDED.

. On cross-examination, Sergeant Williams described the tipster as a confidential informant.

. Although State v. Dick was decided before LSA-C.E. 514, however the reasoning of the case is applicable to interpret paragraph (C)(2).

. Our error patent review revealed numerous discrepancies between the transcript and the minute entries involving the defendant’s sentence. Because we have vacated defendant’s sentence, no action is required by the trial court to correct these discrepancies.