DUFRESNE, Judge.
This is an appeal by Richard Angelico, plaintiff-appellant, from a judgment dismissing his petition for a writ of mandamus to compel Harry Lee, Sheriff of Jefferson Parish and defendant-appellee, to make accessible to him certain documents for copying, pursuant to the Public Records Act, La.R.S. 44:1 et seq. Because we agree with the trial court that the documents sought to be copied are exempted by La.R.S. 44:3 A (3) from operation of the Public Records Act in that they relate to the internal security of the sheriff’s department, we affirm.
The pertinent facts of this case are as follows. On November 1, 1982, Lee received a request from Angelico to view and copy all employment records of two former reserve officers of the Jefferson Parish Sheriffs Department. Lee dutifully made these records available, but refused to permit Angelico to copy the personal identification folders and badges of the officers.
Angelico thereupon sought a Writ of Mandamus to compel Lee to permit copying of these articles. During trial of the matter, Lee agreed to allow Angelico to copy the badges; that issue was thus rendered moot, and no final judgment was rendered on that question. As to the identification folders, Lee testified that the purpose of these documents is to identify officers to one another and to the public. On the basis of this testimony, the trial court concluded that the folders are exempt from the Public Records Act by La.R.S. 44:3 A (3) because they relate to the internal security of the sheriffs department. His oral reason for this conclusion was that unrestricted copying of the folders would abet potential counterfeiters of such documents.
Angelico now brings this appeal alleging, first, that Lee has refused to comply with his agreement made at trial to permit copying of the badges, and second, that the trial court erred in concluding that the identification folders relate to internal security.
As to the badges, since no final judgment was rendered on that issue, this court is without authority to render a decision thereon. See LSA. C.C.P. Art. 2083, which provides that only final judgments or interlocutory judgments which cause irreparable injury are appealable. This issue was not ruled on by the trial court, since it considered the issue moot and cannot be considered on appeal.
In regard to the identification folders, Angelico’s argument is that because one admitted purpose of the folders is to identify officers to the public, these documents are regularly exposed to public view, and therefore a copy of such a document would pose no threat to the security of the sheriff’s office, which does not already exist.
While there is admittedly some force to this argument, we nonetheless reject it because we perceive a relevant distinction between simply seeing an officer’s identification, and being allowed to copy it. Although it is conceivable that someone might be able to produce such a document from memory, we, like the trial judge, find that the security of the sheriff’s department would be significantly threatened by allowing free access to exact copies of documents used by police officers to identify themselves to each other and to the public.
We, of course, do not suggest that the plaintiff here is motivated by any criminal intent. We point out, however, that as La.R.S. 44:32 A prohibits a custodian from making any inquiry of a person seeking to copy public records, to rule' in plaintiff’s favor here would mean those so motivated could obtain copies of these folders by simply making a request.
Both parties are also seeking to be awarded attorney fees. We do not find, however, that the trial judge committed error in refusing to award such fees to either party, La.R.S. 44:35 D and E.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.