Dear Sheriff Maxwell:
Your recent opinion request asks to what extent your office should comply with a request for "a copy of all the gross salaries paid all persons being issued pay checks by the Concordia Parish Sheriff's Department," pursuant to the Public Records Act.
Your concern lies with the privacy rights of the Department's employees regarding this requested information.
LSA-R.S. 44:1 et seq., comprises this state's Public Records Act, which implements the public's inherent right, guaranteed by Art.XII, § 3 of the Louisiana Constitution (1974), to be reasonably informed as to the manner, basis, and reasons upon which governmental affairs are conducted.
Under LSA-R.S. 44:1(A)(2), the following items are generally considered public records unless otherwise exempt:
 All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state . . .
This office has consistently determined that the names, positions held, and salaries of government employees are public records and, therefore, subject to disclosure pursuant to the Public Records Act. See Opinion Nos. 81-353, 92-715 and 93-445(A).
In your request, you ask a series of questions regarding these employees' names and salaries, differentiating each scenario with whether the employee is full-time or part-time, the type of employment held, whether paid via hourly or salaried wages, and/or paid with federal funds channeled through the Sheriff's office, state funds, or a combination thereof. After reviewing these hypothets, this office concludes that these differing aspects do not change the outcome of the general rule's application. The employees' names and salaries are generally subject to release as public records.
However, the following are some exceptions to the Public Records Act that may apply to some of your employees, i.e. certain officers or investigators. LSA-R.S. 44:3(A)(5) provides that, "[r]ecords containing the identity of an undercover police officer or records which would tend to reveal the identity of an undercover police officer," are not subject to this disclosure requirement. Therefore, the name or identity of the pertinent undercover officer need not be released. The Louisiana Supreme Court has held, however, that once this individual's identity has been revealed, the privilege of withholding that information no longer applies. State v. Gotro, 532 So.2d 102 (La. 1988).
Additionally, records containing security procedures, investigative training information or aids, investigative techniques, or internal security information are also exempt from disclosure. LSA-R.S. 44:3(A)(3) Whether revealing the names of any officers or employees of the Concordia Parish Sheriff's Office or Concordia Parish Correctional Facility would qualify under this privilege cannot be determined from the information provided.
However, we direct you to the case of Angelico v. Lee,441 So.2d 355 (La.App. 5th Cir. 1983), wherein the Fifth Circuit Court of Appeal reviewed whether the Sheriff for Jefferson Parish must make accessible to a requestor certain documents for copying pursuant to the Public Records Act. The court found an important distinction between simply seeing an officer's identification, and being allowed to copy it. As the court stated:
 Although it is conceivable that someone might be able to produce such a document from memory, we, like the trial judge, find that the security of the sheriff's department would be significantly threatened by allowing free access to exact copies of documents used by police officers to identify themselves to each other and to the public.
Therefore, should the revelation of certain officers' names and positions jeopardize or threaten to jeopardize the internal security of your office or other pertinent law enforcement institution, those names and positions need not be disseminated in copy form pursuant to a Public Records request. However, that, under the Angelico court's ruling, the requestor may still arguably inspect that information in person.
I trust this adequately answers your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb